In the
United States Court of Appeals
For the Seventh Circuit

No. 98-3736

Marshall Jackson,

Petitioner-Appellant,

v.

Charles B. Miller, Superintendent,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 98 C 56--Allen Sharp, Judge.

Argued November 9, 2000--Decided August 8, 2001

Before Flaum, Chief Judge, and Bauer and
Kanne, Circuit Judges./*

Kanne, Circuit Judge.  On June 4, 1980,
a jury found Marshall Jackson guilty of
robbery, attempted murder, and of being a
habitual offender under Indiana's
recidivist statute. See Ind. Code sec. 35-
50-2-8 (1998). At sentencing, the judge
enhanced Jackson's forty-year sentence by
thirty years because of Jackson's status
as a habitual offender. Jackson contends
that the resulting seventy-year sentence
was improper because one of the two
convictions that the jury relied upon to
make the habitual offender determination
was obtained in violation of his Sixth
Amendment right to counsel. He advanced
this claim, among others, in a petition
for a writ of habeas corpus in the
district court, see 28 U.S.C. sec. 2254,
and the district court denied the
petition. We granted Jackson's request
for a certificate of appealability and
certified the following issue for appeal:
"Was the Petitioner denied counsel in
violation of the Sixth Amendment?"/1 We
now affirm.

I.  History

On March 3, 1975, Jackson and his
brother, Louis Jackson, pleaded guilty to
theft in a Lake County Superior Court.
Several weeks later, Jackson and his

brother, represented by counsel, appeared in court for sentencing on March 27, 1975. After listening to statements by Jackson, Louis, and their attorney, the judge stated: "The Court . . . now sentences both defendants to not less than one (1) nor more than ten (10) years and orders them committed to the Department of Corrections for assignment to a proper institution. . . . Execution of sentence is withheld until April 25, 1975." Tr. of Marshall Jackson Sentencing H'rg at 3. Jackson appeared in court on May 30, 1975 for execution of his sentence./2 Although the record does not include a transcript of that proceeding, the court's minute entry indicates that Jackson appeared without counsel "for the reason that the attorney previously representing him is no longer in the practice of law." Minute Order at 12. Because the record does not contain a transcript of the May 30 appearance, it is unclear whether or to what extent the court addressed the fact that Jackson did not have an attorney present. The court's written order on that date simply states: "The Court after reviewing the pre-sentence investigation now sentences the defendant, Marshall Jackson, to not less than one nor more than ten years. Sentence suspended. The Defendant is placed on probation for a period of two years." Id.

Approximately five years later, on June 4, 1980, a jury found Jackson guilty of attempted murder, armed robbery, and of being a habitual offender under Indiana's recidivist statute. The jury's determination that Jackson was a habitual offender--based partially on the above-described 1975 theft conviction--increased Jackson's forty-year sentence by an additional thirty years for a total sentence of seventy years. On direct appeal, the Indiana Supreme Court affirmed Jackson's conviction as well as his sentence. See Jackson v. State, 426 N.E.2d 685 (Ind. 1981).

Several years later, on May 10, 1988, Jackson, pro se, filed a petition in state court for post-conviction relief from the 1975 theft conviction. He alleged, inter alia, that he was denied the right to counsel at sentencing because counsel was not present at the May 30, 1975 appearance. The trial court found that Jackson had waived his Sixth

Amendment claim by failing to incorporate his original and first amended petitions into his subsequent amended petitions and, as such, did not address the merits of the issue.

On appeal, the Indiana Court of Appeals found that the trial court erred in refusing to consider the claims raised in Jackson's original and subsequent amended petitions. See Jackson v. State, 676 N.E.2d 745, 748-50 (Ind. Ct. App. 1997). The Indiana Court of Appeals rejected Jackson's claim on the merits, however, finding that the absence of counsel at the May 30, 1975 proceeding was not a violation of Jackson's right to counsel, and even if it was, that Jackson was not prejudiced. See id. at 751-52. To support this conclusion, the Indiana Court of Appeals relied on two Indiana cases, Guajardo v. State, 544 N.E.2d 174, 177 (Ind. Ct. App. 1989) (holding that reversal was not required where defendant had already served out his sentence because the error had been mooted and the denial of counsel at sentencing did not affect the validity of the underlying conviction), and Ford v. State, 386 N.E.2d 709, 714 (Ind. Ct. App. 1979) (holding that even if counsel's inability to address the court on defendant's behalf at sentencing was a violation of defendant's right to counsel, it did not prejudice the defendant because his sentence was mandated by statute). See id. The court observed:

Although Jackson was not represented by counsel on May 30, 1975, he appeared for sentencing on March 27, 1975. Jackson's attorney was present and spoke on his behalf at the sentencing hearing of March 27, 1975. The transcript of the March sentencing indicated that the trial court sentenced Jackson to not less than one year nor more than ten years and ordered him committed to the Department of Correction for proper assignment. Although the execution of the sentence was withheld, the trial court ultimately suspended the entire sentence and placed him on probation for two years. Jackson acknowledged at his guilty plea and initial sentence hearing that he would receive a one to ten year sentence. Even if Jackson's right to counsel was violated, Jackson has failed to show how he was prejudiced. At the time of Jackson's sentencing, [the statute he was

convicted of violating] required the sentence that Jackson received. The fact that the trial court ordered all of Jackson's sentence to be suspended is diametrically opposed to his contention that he was prejudiced. Additionally, given that any error in sentencing would not affect the validity of the conviction, resentencing would serve no apparent purpose and Jackson offers none.

Id. On March 26, 1997, the Supreme Court of Indiana denied transfer. Jackson next filed a petition for state post-conviction relief from his 1980 robbery and attempted murder convictions, raising several grounds for relief including ineffective assistance of counsel at trial and ineffective assistance of counsel on appeal. The court denied relief on all but one of Jackson's claims,/3 and Jackson initiated an appeal. Jackson failed to perfect the appeal, however, and voluntarily terminated it on June 9, 1998.

On March 30, 1998, Jackson, again pro se, filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Indiana challenging the use of his allegedly constitutionally infirm 1975 theft conviction to enhance his current sentence. The district court denied Jackson's petition. Jackson then filed an application for a certificate of appealability, and the district court denied his application. On December 6, 1999, we granted Jackson's request for a certificate of appealability on the following issue: "Was Petitioner denied counsel in violation of the Sixth Amendment to the Constitution at his May 30, 1975 sentencing hearing?"

II.  Analysis

A.  Availability of Federal Post-Conviction Relief

Jackson claims that his 1975 theft conviction was obtained in violation of his Sixth Amendment right to counsel; therefore, he claims that the use of that conviction to enhance his current sentence is unconstitutional. Because Jackson seeks to challenge his current sentence by attacking a fully expired conviction used to enhance that sentence, our first task is to determine whether

federal post-conviction relief is available to a prisoner in Jackson's situation. To that end, we asked the parties to consider the applicability of our decision in Smith v. Farley, 25 F.3d 1363 (7th Cir. 1994), in which we held that federal review of a fully expired conviction that has been incorporated into a new enhanced sentence is limited to situations in which the petitioner had no access to collateral review because state procedures were "wholly absent, or . . . constitutionally deficient." Id. at 1370. Smith is no longer controlling on this issue, however, in light of two intervening Supreme Court decisions that address the availability of federal-post-conviction relief to petitioners who assert that an unconstitutional prior conviction was used to enhance their current sentence. See Daniels v. United States, 121 S. Ct. 1578 (2001) and Lackawanna County Dist. Att'y v. Coss, 121 S. Ct. 1567 (2001). We therefore direct our attention to those decisions.

In Daniels and Lackawanna, the Supreme Court confirmed that, in general, habeas relief is not available to petitioners who challenge a fully expired conviction used to enhance a subsequent sentence in a petition brought under 28 U.S.C. sec. 2254 or sec. 2255. See Daniels, 121 S. Ct. at 1583; Lackawanna, 121 S. Ct. at 1570. The Supreme Court held that "'if . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction'" through a motion under sec. 2254. Lackawanna, 121 S. Ct at 1573 (quoting Daniels, 121 S. Ct. at 1583).

Recognizing the "special status of Gideon claims," however, the Supreme Court carved out an exception to the general rule for cases in which the challenged conviction was allegedly obtained in violation of the Sixth Amendment right to counsel. Lackawanna, id. at 1574. The Supreme Court held that, if a petitioner satisfies the other procedural prerequisites for relief, he may challenge "an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained

where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)." Id. at 1574; cf. Daniels, 121 S. Ct. at 1583. In recognizing this exception to the general rule, the Court acknowledged that "the 'failure to appoint counsel for an indigent [is] a unique constitutional defect . . . ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations." Lackawanna, 121 S. Ct. 1574 (quoting Custis v. United States, 511 U.S. 485, 496, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994)). Therefore, because Jackson alleges that his 1975 theft conviction was obtained in violation of his right to counsel, we will review his petition to determine if habeas relief is appropriate.

B.  Standard of Review
  Our review of Jackson's petition for habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. sec. 2254, because Jackson filed his petition for habeas relief after the effective date of that Act. AEDPA provides that habeas relief may be granted if a state court's adjudication of a matter "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. sec. 2254 (d)(1). A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). An "unreasonable application" of Supreme Court precedent occurs when "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that

principle to a new context where it should apply." Id. at 407.

In reviewing a district court's denial of a petition for habeas relief, we review the district court's legal determinations de novo and its factual determinations for clear error. See Denny v. Gudmanson, 252 F.3d 896, 900 (7th Cir. 2001). We review a state court decision de novo to determine whether it was "contrary to" Supreme Court precedent; however, we defer to reasonable state court decisions in determining whether the state court decision was an "unreasonable application" of federal law. See Ouska v. Cahill-Masching, 246 F.3d 1036, 1044 (7th Cir. 2001). "[S]tate court factual findings that are reasonably based on the record are accorded a presumption of correctness." Kurzawa v. Jordan, 146 F.3d 435, 439 (7th Cir. 1998) (quotation omitted); see also 28 U.S.C. sec. 2254(e)(1).

C.  Jackson's Sixth Amendment Claim

As we indicated above, it is clear from the record that Jackson was not represented by counsel at the May 30, 1975 appearance at which his sentence was to be executed. What remains to be determined, then, is whether the conclusion of the Indiana Court of Appeals that the absence of counsel at that appearance did not violate the petitioner's Sixth Amendment right to counsel was "contrary to" or an "unreasonable application" of Supreme Court precedent as required by 28 U.S.C. sec. 2254(d).

The Sixth Amendment requires that criminal defendants must be provided with counsel unless the right is competently and intelligently waived. See Gideon v. Wainwright, 372 U.S. 335, 339-45, 83 S. Ct. 792, 9 L. Ed. 2d (1963). As the Supreme Court has repeatedly emphasized, "[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." Powell v. Alabama, 287 U.S. 45, 68-69, 53 S. Ct. 55, 77 L. Ed. 158 (1932). Criminal defendants have a right to counsel not only at trial but also at all critical stages of the prosecution. See Coleman v. Alabama, 399 U.S. 1, 9-10, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970); see also United States v. Wade, 388 U.S.

218, 226, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967) ("[I]n addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial.") (footnote omitted). The inquiry into whether a particular proceeding is a critical stage of the prosecution focuses on "whether potential substantial prejudice to the defendant's rights inheres in the . . . confrontation and the ability of counsel to help avoid that prejudice." Coleman, 399 U.S. at 9 (quotation omitted). The Supreme Court has made it clear that sentencing is a critical stage at which the Sixth Amendment requires the assistance of counsel. See Gardner v. Florida, 430 U.S. 349, 358, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977); see also Townsend v. Burke, 334 U.S. 736, 741, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948) (finding a denial of due process where uncounseled defendant "was sentenced on the basis of assumptions concerning his criminal record which were materially untrue"). Although a defendant may waive his right to counsel, see Gideon, 372 U.S. at 340, waiver may not be presumed from a silent record. See Burgett v. Texas, 389 U.S. 109, 114-15, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967).

Jackson first asks us to find that the Indiana Court of Appeals applied a rule that was contrary to Supreme Court precedent. He alleges that the facts of his case are materially indistinguishable from the facts in Mempa v. Rhay, 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967), in which the Supreme Court found that the petitioners had been denied the right to counsel. Id. at 137. In the consolidated cases in Mempa, the Supreme Court considered the question of whether petitioners, who appeared at a deferred sentencing hearing without representation, had been denied the right to counsel in violation of the Sixth Amendment. Petitioners' deferred sentencing hearings were held pursuant to a Washington statute which allowed a judge to order probation and defer imposition of sentence. See id. at 130. Both of the petitioners had pleaded guilty to an offense with the advice of counsel, been placed on probation, and later committed a crime which led the

prosecuting attorney to move for the revocation of probation. See id. at 130-33. At the subsequent hearings to revoke probation and impose sentence, neither petitioner was represented by counsel. See id. at 131, 132. The Supreme Court found that the Sixth Amendment required that petitioners have the assistance of counsel at such a hearing "whether it be labeled a revocation of probation or a deferred sentencing hearing." Id. at 137. The Court's holding was based on its determination that, at such a hearing, "certain legal rights may be lost if not exercised at this stage," id. at 135, namely the right to appeal and the right to withdraw a guilty plea, see id. at 136-37.

Although Mempa and the case at hand both involve deferred appearances, we disagree with Jackson's contention that the facts of his case are materially indistinguishable from the facts of Mempa. Jackson's claim that the May 30, 1975 appearance was equivalent to the deferred sentencing hearing in Mempa is not supported by the record. In Mempa, the petitioners' sentences were not imposed at the initial hearing. Instead, petitioners were placed on probation, with sentence to be imposed later--only if the terms of probation were violated. Therefore, when the petitioners in Mempa appeared at the probation revocation/sentence imposition proceeding, it was, in effect, as if they were being sentenced for the first time.

Jackson's situation is materially different. Although the Supreme Court in Mempa rejected the State's contention that the petitioners were actually sentenced at the first hearing and that the second hearing was a "mere formality," id. at 135, we find that characterization appropriate in Jackson's case. The transcript of Jackson's March 27, 1975 sentencing hearing reflects that sentence was actually imposed at that time. At that initial hearing, the Judge stated, "[t]he Court . . . now sentences both defendants to not less than one (1) nor more than ten (10) years." Tr. of Marshall Jackson Sentencing H'rg at 3 (emphasis added). The judge also told Jackson and his brother, "I have imposed sentence for both of you as one (1) to ten (10) years. You won't begin serving that time today but you will be back here

on April 25,/4 do you understand that?" Id. That sentence was imposed at the initial hearing is also evidenced by the fact that, at that time, the judge performed all of the functions required for sentencing: he acknowledged that he had reviewed the pre-sentence investigation report, ordered the defendants committed to the Department of Corrections, and gave the defendants credit for time served. Moreover, the judge referred to the purpose of the May 30 appearance as "execution of sentence" and not as "sentencing," "deferred sentencing," or "imposition of sentence." Therefore, because sentence had already been imposed on Jackson when he appeared for the execution of his sentence, the facts of Jackson's case are materially distinguishable from the facts in Mempa.

Jackson next argues that the Indiana Court of Appeals erred by holding that, even if Jackson was denied the right to counsel, this error was harmless. He claims that harmless error analysis does not apply to violations of the right to counsel and that the Indiana Court of Appeals therefore applied a rule of law contrary to Supreme Court precedent. Although the Supreme Court has made it clear that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice," see Strickland v. Washington, 466 U.S. 668, 692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the court has also implied that a momentary lapse in representation during a critical stage may be subject to a harmless error analysis. See Satterwhite v. Texas, 486 U.S. 249, 256, 108 S. Ct. 1792, 100 L. Ed. 2d 284 (1988) (suggesting that Sixth Amendment violations that do not "pervade the entire proceeding" may be subject to harmless error analysis). We need not resolve this question, however, because we find that the Indiana Court of Appeals' determination that Jackson's right to counsel was not violated at the May 30 appearance is not contrary to established Supreme Court precedent.

Although the Supreme Court has never directly confronted the issue of whether the execution of an already imposed sentence constitutes a critical stage such that counsel is required, see Coleman v. Alabama, 399 U.S. 1, 9, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970),

Jackson may still obtain habeas relief if he is able to show that the state court's application of Supreme Court precedent was unreasonable. See Williams v. Taylor, 529 U.S. 362, 407-08, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). In an attempt to do so, Jackson argues that the Indiana Court of Appeals' refusal to find that the May 30, 1975 appearance was a critical stage where counsel was required was an unreasonable application of Supreme Court precedent. Jackson claims that, even if the only purpose of his appearance was to execute his sentence, the Supreme Court's reasoning in Mempa mandates the extension of the right to counsel to such proceedings.

The Supreme Court has directed that whether counsel is required at a particular proceeding is dependent on the ability of counsel to provide assistance to the defendant at that point. Thus, the central question in determining whether a proceeding is a critical stage is "whether potential substantial prejudice to defendant's rights inheres in the . . . confrontation and the ability of counsel to help avoid that prejudice." Coleman, 399 U.S. at 9 (quotation omitted). The Supreme Court's finding in Mempa that the petitioners had certain rights at the second sentencing hearing-- and therefore required counsel to ensure the proper exercise of those rights--was partially based on the fact that the Washington law in effect at the time allowed a guilty plea to be withdrawn at any point prior to sentencing./5 See Mempa, 389 U.S. at 136. Although Jackson, at one point, had a similar right to withdraw his plea for "any fair and just reason," Ind. Code sec. 35-4.1-1-6 (repealed 1981),/6 that right did not exist at his May 30 appearance because sentence had already been imposed. At that point, Jackson would have only been entitled to withdraw his plea if he could prove that "withdrawal [wa]s necessary to correct manifest injustice." Id. In Mempa, the Supreme Court was also concerned about the possibility that the absence of counsel at the deferred sentencing hearing would cause petitioners to lose their right to appeal because Washington law provided that "an appeal in a case involving a plea of guilty followed by probation can only be taken after sentence is imposed following revocation of probation." 389 U.S. at

135-36 (citing State v. Farmer, 237 P.2d 734 (Wash. 1951)). Jackson, on the other hand, could not have lost his right to appeal at the May 30, 1975 appearance "because a conviction based upon a guilty plea may not be challenged . . . by direct appeal" under Indiana law. See Weyls v. State, 362 N.E.2d 481, 482 (Ind. 1977).

Therefore, because we are not convinced that Jackson was in danger of losing any rights by appearing without counsel on May 30, we cannot say that it was unreasonable for the Indiana Court of Appeals to conclude that Jackson had not been denied the right to counsel. The Supreme Court has directed that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411. Even if the Indiana Court of Appeals was incorrect in finding that the May 30 appearance was not a critical stage of the prosecution requiring counsel, we can say that, under the relevant Supreme Court precedent, it was not unreasonable for the court to make that finding.

III.  Conclusion

For the reasons stated above, we find that the Indiana state court's determination that Jackson was not denied the right to counsel in violation of the Sixth Amendment at the May 30, 1975 appearance was not contrary to or an unreasonable application of clearly established Supreme Court precedent. Thus, we AFFIRM the decision of the district court.

FOOTNOTES

/* Judge Ripple was originally on the panel that heard this case. An event occurring after oral argument required Judge Ripple to recuse himself from all further deliberation and decision in this matter.

/1 Jackson's motion to expand the certificate of appealability is denied because the issues he seeks to raise were resolved on independent and adequate state grounds. Thus, federal law would have no effect on the outcome. See Jenkins v.

Gramley, 8 F.3d 505, 507 (7th Cir. 1993).

/2 Jackson's brother did not appear on this date.

/3 Although the court denied relief on all of the issues pertinent to the case at hand, the court did vacate a portion of the sentencing order which required that Jackson's seventy-year sentence run consecutively to his sixty-year sentence on an unrelated murder charge.

/4 The judge was referring to the May 30 hearing at issue in this case; it was originally scheduled for April 25.

/5 At the time the petitioners in Mempa were sentenced, Washington law allowed the trial court to grant a motion to withdraw a guilty plea at its discretion, and "such discretion was to be exercised liberally in favor of life and liberty." State v. Armstead, 533 P.2d 147, 149 (Wash. Ct. App. 1975).

/6 At the time, Indiana Code section 35-4.1-1-6 provided:

(b)  After entry of a plea of guilty but before imposition of sentence, upon motion of the defendant, the court may allow the defendant to withdraw his plea of guilty for any fair and just reason unless the state has been substantially prejudiced by reliance on the defendant's plea.

(c)  After judgment and sentence upon a plea of guilty, the convicted person may not as a matter of right withdraw the plea. However, . . . the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct manifest injustice.

Ind. Code sec. 35-4.1-1-6 (repealed 1981).