Filed 11/8/13  P. v. Jones CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039272 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC637132) |
| v. | |
| ELLIS T. CALIFORNIA JONES III, | |
| Defendant and Appellant. | |

Defendant Ellis T. California Jones III appeals after he was resentenced following a prior appeal.[1]  At the resentencing proceeding, which was conducted without defendant or a defense attorney present, the trial court reduced the previously-imposed prison term by eight months, and it reduced the amount of victim restitution by $400.

Defendant, who had represented himself in the earlier trial proceedings, contends the trial court erred by conducting the resentencing proceeding without him or the presence of an attorney on his behalf.  For reasons that we will explain, we will affirm the judgment.

---

[1] Pursuant to defendant's request, we have taken judicial notice of the record in his prior appeal.  (*People v. Jones* (Aug. 17, 2012, H036831) [nonpub. opn.].)

# BACKGROUND

## A.     *Trial Proceedings*

After defendant robbed people in four separate criminal episodes, a jury convicted him of four counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)),[2] one count of attempted second degree robbery (§§ 211, 212.5, subd. (c), 664), one count of false imprisonment by violence (§ 237, subd. (a)), and four counts of assault with a stun gun or taser (§ 244.5, subd. (b)).

The trial court sentenced defendant to 11 years and four months' imprisonment, imposing consecutive terms for all counts except for count 5 (one of the assault convictions).  The trial court ordered defendant to pay victim restitution (§ 1202.4, subd. (f)) of $3,195, which included $400 to compensate one victim for the loss of his cellular telephone.

Defendant represented himself at trial and at sentencing.  (See *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).)

## B.     *Prior Appeal*

In his prior appeal, defendant claimed that the trial court violated section 654 by separately punishing him for certain of his convictions.  He also pointed out that the abstract of judgment reflected a concurrent term for count 5 rather than a section 654 stay, which the trial court had orally imposed.  Finally, he disputed the amount of victim restitution, pointing out that one of the victims had recovered his cell phone, for which the trial court had ordered defendant to pay $400.

This court issued an opinion in defendant's prior appeal on August 17, 2012. (*People v. Jones* (Aug. 17, 2012, H036831) [nonpub. opn.].)  This court found no substantial evidence to support the trial court's determination that count 3 (one of the false imprisonment counts) was separately punishable and thus that it should have been

---

[2] Further unspecified statutory references are to the Penal Code.

stayed under section 654. This court also agreed that the abstract of judgment should have reflected the orally-imposed section 654 stay for count 5. Finally, this court determined that the record was silent regarding whether the victim's cell phone had been returned in the same condition in which defendant took it from him, and that the matter should be remanded for a hearing on that issue.

The dispositional order in defendant's prior appeal provided: "The case is remanded to the trial court for resentencing proceedings. First, the sentence for false imprisonment is to be stayed pursuant to Penal Code section 654. Second, the trial court is to determine whether it must modify its restitution order regarding the cellular telephone of one victim for the reasons stated in this opinion or for any other reason that may become apparent. Third, for the reasons stated herein—including, beyond the directions in the first two items noted in this disposition, the need for administrative correction regarding count five—the trial court is directed to prepare an amended abstract of judgment and forward a certified copy of it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed." (*People v. Jones* (Aug. 17, 2012, H036831) [nonpub. opn.].)

### C.     *Defendant's Request to Be Present*

On November 5, 2012, defendant sent a letter to the trial court from prison. He noted that he represented himself "in propria persona" and that he understood there would be "a rehearing of issues related to" his case. Defendant requested "personal appearance at this rehearing."

On November 15, 2012, the trial court sent a letter back to defendant. The court noted that his request had been received and that it would be "placed in [his] file with no further action." The court's notice stated, "Your appeal was affirmed. Therefore, there is no need for a hearing."

### D. Resentencing

On November 30, 2012, the trial court modified defendant's sentence in accordance with our dispositional order. The prosecutor was present during the proceedings, but the trial court noted that defendant was "in prison, so he is not here."

The trial court first addressed the section 654 issues. Referring to this court's holding that count 3 "was in fact a [section] 654 matter," the trial court ordered that the punishment for count 3 be stayed. The trial court also reiterated its prior order that count 5 be stayed pursuant to section 654, noting that "the abstract didn't reflect that."

The trial court then addressed the restitution issue, asking the prosecutor if she had been "able to determine if there was anything wrong with the cell phone?" The prosecutor indicated she did not believe there had been any evidence of damage to the cell phone at trial, and that the victim had not responded to her request for information. The trial court therefore "set aside the $400 restitution order for the cell phone."

The trial court issued an amended abstract of judgment, reflecting that counts 3 and 5 were stayed pursuant to section 654 and that $400 of the restitution order was "set aside and vacated." The total term imposed after resentencing was ten years eight months.

## DISCUSSION

Defendant contends the trial court erred by conducting the resentencing proceeding without his presence—since he had represented himself in the earlier trial proceedings—and without representation by counsel. He contends that the error violated his rights under the Sixth Amendment and that it is reversible per se.

Respondent does not directly address the question whether defendant should have been present or represented by counsel at the resentencing proceeding. Respondent simply argues that defendant cannot show that he was prejudiced, "[g]iven that the trial court followed the directions of this Court in amending the abstract of judgment to reflect

the proper sentence on count five, and staying his sentence on count three pursuant to section 654, and then completely striking the $400 restitution fine."

### A.      Right to Counsel at Resentencing Proceedings

"The Sixth Amendment right to the assistance of counsel applies at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake. [Citation.]" (*People v. Crayton* (2002) 28 Cal.4th 346, 362 (*Crayton*), citing *Mempa v. Ray* (1967) 389 U.S. 128, 134 (*Mempa*); see *United States v. Wade* (1967) 388 U.S. 218, 227 [Sixth Amendment requires "presence of counsel at . . . critical confrontations"].) "The right to counsel may be waived by a defendant who wishes to proceed in propria persona.  [Citation.]" (*Crayton, supra,* at p. 362, citing *Faretta, supra*, 422 U.S. at p. 807.)  It is well settled that sentencing is a critical stage of criminal proceedings.  (See *People v. Doolin* (2009) 45 Cal.4th 390, 453.)

However, a *resentencing* proceeding is not necessarily a "critical stage[] of a criminal proceeding in which the substantial rights of a defendant are at stake." (*Crayton, supra,* 28 Cal.4th at p. 362; see *Bell v. Cone* (2002) 535 U.S. 685, 695-696 [" 'a critical stage' " means "a step of a criminal proceeding" that holds "significant consequences for the accused"].)  The Sixth Amendment's right to counsel guarantee applies only to "trial-like confrontations"—i.e., events in which "the accused required aid in coping with legal problems or assistance in meeting his [or her] adversary." (*United States v. Ash* (1973) 413 U.S. 300, 312, 313.)

Federal courts have held that there is no right to counsel (and thus no right to self-representation) at a resentencing proceeding where the trial court's only duty is to perform a " 'ministerial act.' " (*Hall v. Moore* (11th Cir. 2001) 253 F.3d 624, 627; see also *Jackson v. Miller* (7th Cir. 2001) 260 F.3d 769, 776 [no right to counsel where subsequent proceeding is a " 'mere formality' "], quoting *Mempa, supra,* 389 U.S. at p. 135.)  However, a defendant does have a Sixth Amendment right to counsel at a resentencing proceeding if, due to a successful appeal or post-sentencing motion, "the

entire sentencing package was set aside" and the trial court has "the discretion to 'reconstruct the sentence.' [Citation.]" (*Hall v. Moore, supra,* at p. 628.)

At a resentencing involving the "entire sentencing package," the right to counsel is necessary to ensure that "the defendant has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he [or she] may have. [Citations.]" (*United States v. Jackson* (11th Cir. 1991) 923 F.2d 1494, 1496-1497.) But where the trial court must impose a lower sentence after a successful post-sentencing motion or appeal, "this necessary process has already occurred. . . . In constitutional terms, a remedial sentence reduction is not a critical stage of the proceedings . . . ." (*Ibid.*)

In this case, defendant's prior appeal did not result in the vacating of the "entire sentencing package." (*United States v. Jackson, supra,* 923 F.2d at p. 1497.) Although this court's dispositional order directed the trial court to conduct "resentencing proceedings," the order specified that the proceedings were limited to three specific matters: imposition of a stay of count 3, a correction of the abstract to reflect a stay of count 5, and a possible striking or reduction of a portion of the restitution order. (*People v. Jones* (Aug. 17, 2012, H036831) [nonpub. opn.].) Thus, at the resentencing proceeding, the trial court did not have "the discretion to 'reconstruct the sentence.' [Citation.]" (*Hall v. Moore, supra,* 253 F.3d at p. 628.) Rather, the trial court was required to reduce defendant's original sentence. (See *United States v. Jackson, supra,* at p. 1497.)

With respect to the section 654 stays on counts 3 and 5, the trial court was required to perform a " 'ministerial act' " at the resentencing proceeding. (*Hall v. Moore, supra,* 253 F.3d at p. 627.) In light of our disposition in defendant's prior appeal, the trial court's imposition of the section 654 stays was "a 'mere formality.' " (See *Jackson v. Miller, supra,* 260 F.3d at p. 776, quoting *Mempa, supra,* 389 U.S. at p. 135.) Thus, the

trial court could order those stays at the resentencing proceeding despite the fact that defendant was not represented by counsel nor representing himself in pro per.

With respect to the victim restitution, the trial court was not ordered to perform a " 'ministerial act,' " but the trial court also did not have "the discretion to 'reconstruct the sentence.' [Citation.]" (*Hall v. Moore, supra,* 253 F.3d at pp. 627, 628.) In defendant's prior appeal, this court found no substantial evidence to support $400 of the victim restitution. Instead of striking $400 from the restitution order, this court ordered the trial court to "determine whether it must modify its restitution order regarding the cellular telephone of one victim for the reasons stated in this opinion [i.e., because there was no evidence of economic loss] or for any other reason that may become apparent." (*People v. Jones* (Aug. 17, 2012, H036831) [nonpub. opn.].) This court essentially directed the trial court to reduce the restitution order by $400 unless the prosecution had additional evidence supporting that particular economic loss. The trial court was not ordered to conduct a full rehearing regarding restitution, and it did not have discretion to impose a "more onerous" restitution amount. (See *United States v. Jackson, supra,* 923 F.2d at p. 1497.) Nevertheless, we will assume that defendant should have been permitted to represent himself or have counsel present on his behalf at the restitution portion of the resentencing proceeding. (See *United States v. Marks* (9th Cir. 2008) 530 F.3d 799, 813 (*Marks*) [assuming, without deciding, that entry of restitution order without pro per defendant's presence violated his statutory or constitutional rights].)

### B.     *Standard of Reversal*

Even assuming that there was a Sixth Amendment error here with respect to the restitution portion of the resentencing proceeding, we would further conclude that reversal is not required. We disagree with defendant's claim that such an error would be reversible per se. Rather, as the Attorney General asserts, defendant must show prejudice.

"[N]ot all constitutional violations amount to reversible error." (*Satterwhite v. Texas* (1988) 486 U.S. 249, 256.) "Sixth Amendment violations that pervade the entire proceeding" are structural errors that are reversible per se. (*Ibid*.) However, where the Sixth Amendment violation is more limited in nature and "a reviewing court can make an intelligent judgment" about whether the error might have affected the outcome, harmless error analysis is appropriate. (*Id.* at p. 258.)

The Ninth Circuit applied a harmless error analysis to the ex parte imposition of a victim restitution order in *Marks, supra,* 530 F.3d 799. In *Marks*, as here, the defendant had represented himself at trial, but he was not present when the trial court imposed a victim restitution order. The Ninth Circuit assumed, without deciding, that it was error to impose the restitution order ex parte, but found that "any such violation was harmless error." (*Id.* at p. 813.) The court found no prejudice, since the defendant had been provided with the Government's proposed restitution amount, had filed a written objection to that amount, and "fail[ed] to explain what objections to the calculation of the restitution amount he could have made that he did not already make in his written objection." (*Ibid.*)

In this case, defendant has made no attempt to explain how he would have benefitted from being present or having counsel at the resentencing proceeding. (See *Marks, supra,* 530 F.3d at p. 813.) Assuming he should have been present to represent himself or have been represented by counsel, he suffered no prejudice. As ordered by this court, the trial court imposed the section 654 stays on counts 3 and 5, and it set aside the challenged $400 in victim restitution. Thus, the error was harmless beyond a reasonable doubt. (See *Chapman v. California* (1967) 386 U.S. 18, 24.) Remand for another resentencing proceeding is unnecessary and would not produce a different result.

## DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:


_____
MÁRQUEZ, J.


_____
GROVER, J.