**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Daniel C. McGUINNESS, Defendant-Appellant.**

No. 84–3227.

United States Court of Appeals, Eleventh Circuit.

Aug. 26, 1985.

Larry D. Simpson, Tallahassee, Fla., for defendant-appellant.

David T. McGee, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HATCHETT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The defendant was found guilty under all counts charging various drug offenses and a continuing criminal enterprise under 21 U.S.C. § 848. He escaped soon after trial and remained at large for some two and one half years. In the interim the trial judge resigned. Defendant was sentenced by another judge under count I, the continuing criminal enterprise count, to a maximum of 60 years confinement without parole and a fine of $100,000. On the other three counts he was sentenced to lesser terms of imprisonment to run concurrently and additional fines totaling $45,000.[1]

The only issue requiring discussion concerns sentencing. The sentencing district judge made a specific finding pursuant to Rule 25(b) of F.R.Crim.P.[2] that he could perform necessary post-conviction duties, including sentencing. During the sentencing, however, the judge affirmatively stated that he had not familiarized himself with the transcript of the trial. Nothing in the record tells us that he was familiar with the trial through any other means.

A sentencing judge enjoys broad discretion to determine whether he can perform sentencing duties in a case he did not try. But that principle does not cover this case where the judge affirmatively revealed that he had not familiarized himself with the transcript. In *U.S. v. Bowser,* 497 F.2d 1017 (4th Cir.1974), the sentence was vacated where it appeared that the sentencing judge, who did not preside over the trial, knew nothing of the trial or the circumstances of the bank robbery involved except what he may have learned from the preliminary hearing, the sentencing hearing, and the pre-sentence report. The Fourth Circuit noted that although it could not review the sentence itself it was empowered to scrutinize the sentence to ascertain whether there had indeed been an exercise of discretion. In *U.S. v. Larios,* 640 F.2d 938 (9th Cir.1981), the sentencing judge, who was not the trial judge, was requested to postpone sentencing to allow preparation of a transcript of the trial so the court could better understand the evidence. The judge declined and passed sentence. The Ninth Circuit reversed, saying that the sentencing judge, in using his discretion to determine if he is competent to take over sentencing duties, must be familiar enough with the case to be able to assign the appropriate sentence within the statutory guidelines.

We do not exclude the possibility that in other circumstances a case may be simple enough that the sentencing judge can learn enough about it at the sentencing proceeding to properly impose sentence. In this case the trial lasted more than a week and the government called 42 witnesses and introduced 56 exhibits including lengthy tape recorded conversations. The testimony described numerous large-scale movements of marijuana to the United States via large ships and airplanes. Nor do we adopt a plenary rule that in every case the record must affirmatively recite the sen-

---

1. The parties refer to additional fines of $40,-000. We are unable to accord this with the record, but the difference does not affect our decision.

2. Rule 25. Judge; Disability

    \*    \*    \*    \*    \*    \*

    (b) *After verdict or finding of guilt.*
    If by reason of absence, death, sickness or other disability the judge before whom the

defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

tencing judge's familiarity with the case. In this instance the record shows unfamiliarity, and whatever facts, if any, that might counter that showing are unrevealed. We cannot assume, or speculate, as the government urges us to do, that the sentencing judge had somehow become familiar with the case through some other means not revealed by the record, such as talking with the trial judge.

We do not suggest the sentence to be imposed. The district court, in the exercise of informed discretion, will be free to reimpose the same sentence or impose a lesser one. The sentencing decision is for the district judge, not this court.

Appellant's other contentions are without merit.

The sentence is VACATED and the cause REMANDED to the district court for resentencing.