UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph Veston LIGHTSEY,
Defendant–Appellant.

No. 88–8797
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 18, 1989.

Louisa Abbot, Savannah, Ga., for defendant-appellant.

Bruce S. Harvey, Atlanta, Ga., for Amicus.

Frederick Kramer, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before FAY, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Joseph Lightsey was indicted and convicted by a jury of RICO conspiracy, a violation of 18 U.S.C.A. § 1962(c) (count one), and aiding and abetting to possess with intent to distribute marijuana, a violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2 (counts two and three).

In January 1982, he received a 15–year sentence and $25,000 fine on count one and consecutive sentences of 15 years' imprisonment and a $125,000 fine each on counts two and three. Lightsey does not challenge the sentence imposed on count one. However, he filed in the district court a motion to correct an illegal sentence as to counts two and three, alleging that the sentences violated the *ex post facto* clause. The district court summarily denied the motion without comment.

Lightsey contended in the district court and here on appeal, that he should have been sentenced under the penalty statute as it read at the time he committed the offenses. The dates of offense on counts two and three were August 29, 1980, and September 20, 1980, respectively. The government did not respond in the district court, and on appeal the government states only that, if the Court finds the penalty to which appellant was sentenced did not become law until after the offense date, appellant's sentence should be corrected by the district court under Rule 35. The statute in effect at that time provided "a term of imprisonment of not more than five years, a fine of not more than $15,000, or both." *Comprehensive Drug Abuse Prevention and Control Act of 1970,*

§ 401(b)(1)(B), 84 Stat. 1261 (amended 1980). On September 26, 1980, the penalties were enhanced to "a term of not more than 15 years, and in addition, may be fined not more than $125,000." 21 U.S.C.A. § 841(b)(6) (originally enacted as *Infant Formula Act of 1980,* § 8(c), 94 Stat. 1194).

The Supreme Court has said: "It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which ... makes more burdensome the punishment for a crime, after its commission, ... is prohibited as *ex post facto.*" *Dobbert v. Florida,* 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977) (quoting *Beazell v. Ohio,* 269 U.S. 167, 169–170, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925)).

In *United States v. Bradley,* 410 U.S. 605, 607–610, 93 S.Ct. 1151, 1154–1155, 35 L.Ed.2d 528 (1973), the Court held that narcotic offenses committed prior to the effective date of the Comprehensive Drug Abuse Prevention and Control Act of 1970 were to be punished according to the law enforced at the time of the offense, notwithstanding that the sentencing occurred after the effective date of the Act.

There is no dispute in the instant case that Lightsey committed the instant offenses before September 26, 1980, the enactment date of the statute under which the court sentenced him. A sentence that incarcerates the defendant for 15 years instead of five, and which fines him $125,000 instead of $15,000, clearly makes the punishment for a crime more burdensome.

The sentence challenged in this Rule 35(a) motion is declared illegal and hereby VACATED for the reason that the sentence violates the *ex post facto* clause. This case is REMANDED to the district court to correct the sentence in conformity with the law in effect at the time of the commission of the offenses upon which Lightsey was convicted as charged in counts two and three of the indictment.