**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Larry William JACKSON,
Defendant-Appellant.**

**No. 90-8025.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 19, 1991.

See also 721 F.2d 1514.

Bruce S. Harvey, Atlanta, Ga., for defendant-appellant.

Frederick Kramer, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Appellant Larry Jackson was tried, convicted, and sentenced on six counts arising out of a drug smuggling conspiracy. Six years later Jackson's sentences on two of the counts were modified because the prison terms originally imposed on those counts were illegally excessive. The illegal sentences were reduced, as was Jackson's overall period of incarceration under the resulting sentencing package. Jackson nonetheless appeals the reduction of his illegal sentences, arguing that the process used to correct them deprived him of his right of allocution—the right to be present and address the sentencing court formally before imposition of sentence. He further contends that when the court correcting his sentences went beyond reducing the length of the prison terms imposed for the challenged counts, making those terms consecutive to the term imposed for count one rather than concurrent as they had been before, the court went beyond its authority under Rule 35 and violated his double jeopardy rights. We affirm the sentences.

Only the prison terms Appellant Jackson received on four counts are relevant to this appeal: on count one, a RICO conspiracy charge, Jackson was sentenced to a term of twenty years; and on counts two, three, and four—all violations involving possession of more than 1,000 pounds of marijuana with intent to distribute—he was sentenced to terms of fifteen years each. The three fifteen-year terms were to be consecutive to each other, but concurrent to the twenty-year sentence for count one. Because the sentences on the two counts not relevant to this appeal were also concurrent to the count one twenty-year term, Jackson's total incarceration was to be for forty-five years.

Approximately six years after Appellant Jackson was sentenced, one of his co-defendants, Joseph Lightsey, brought a Rule 35 motion to correct Lightsey's sentences. Lightsey's motion challenged the legality of the fifteen-year terms imposed on counts two and three—the same counts two and three on which Jackson had been convicted and sentenced. The fifteen-year terms imposed for these counts were imposed pursuant to the penalties provision of 21 U.S.C.A. § 841(b)(6), which provides for a maximum term of fifteen years where the violation involves a quantity of marijuana exceeding 1,000 pounds. The enactment date of section 841(b)(6) was not until September 1980, however; before that time, the penal-

ty for possession of any amount of marijuana with intent to distribute was governed by section 841(b)(1)(B), providing for a maximum five-year prison term. Because the dates of the offenses in counts two and three were before the September 1980 enactment date, Lightsey argued that the fifteen-year sentences imposed for those counts violated the *ex post facto* clause. (The fifteen-year term imposed for count four was not challenged because the offense in count four occurred after section 841(b)(6) was enacted.) We accepted Lightsey's argument in *United States v. Lightsey*, 886 F.2d 304 (11th Cir.1989), declaring the challenged sentences illegal, vacating them, and remanding the case to the district court to correct Lightsey's sentences. *Id.* at 305.

Appellant Jackson, meanwhile, filed his own Rule 35 motion based on identical grounds;[1] disposition of Jackson's motion was deferred pending our decision in *Lightsey*. After the opinion in *Lightsey*, the district court recognized that Jackson's sentences on counts two and three were unlawful and modified the sentences to provide for five-year terms on each of counts two and three, bringing the sentences in line with the statutory maximum penalty in effect when the offenses were committed. In addition, the district court's order provided that "[t]he sentence as to counts 2 and 3 shall run consecutively to each other and consecutively to the sentence imposed as to count 1." Thus, the net result of the correction of the sentences imposed on counts two and three was a reduction of Appellant Jackson's aggregate prison term from forty-five to thirty years. The order correcting Jackson's sentences was issued by the chief judge of the Southern District of Georgia, though he was not the judge who originally sentenced Jackson or presided at his trial. Jackson was given no opportunity to appear before the chief judge to present evidence or argument, nor to be present when his sentences were modified.

### 1. *The Right of Allocution*

Appellant Jackson first challenges the procedure by which his illegal sentences were reduced: because he was not allowed to be present with his attorney and address the court before issuance of the order correcting his sentences, he says that the process violated his rights under both the federal rules of procedure and the Constitution.

■ A defendant is entitled to be present when his sentence is imposed, Fed.R. Crim.P. 43(a); and this right to be present and speak is constitutionally based, *United States v. Huff*, 512 F.2d 66 (5th Cir.1975).[2] Moreover, the defendant's right to be present extends to the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing. *Johnson v. United States*, 619 F.2d 366 (5th Cir.1980).

■ The established right to be present for sentencing—or even for resentencing under certain circumstances—however, does not translate into a right to be present whenever judicial action modifying a sentence is taken. Rule 43(a)'s requirement of the defendant's presence at imposition of sentence is conditioned by the clause "except as otherwise provided by this rule," and Rule 43(c) specifically includes "[a]t a reduction of sentence under Rule 35" in its listing of situations in which the presence of the defendant is *not* required. Fed.R. Crim.P. 43(c)(4).

This exception to the presence-at-sentencing requirement is logical and fair given the requirement's constitutional base and rationale: to ensure that at sentencing—a critical stage of the proceedings against the accused—the defendant has an oppor-

---

1. Appellant Jackson's motion, like that of his co-defendant Lightsey, was brought pursuant to the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987. This rule provided in pertinent part that "[t]he court may correct an illegal sentence at any time...." Rule 35 has since been revised. *See* Fed.R. Crim.P. 35.

2. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

tunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have. *See Huff,* 512 F.2d at 71; *cf. Mempa v. Rhay,* 389 U.S. 128, 133, 88 S.Ct. 254, 256, 19 L.Ed.2d 336 (1967). For an initial sentencing, or even a resentencing where an entire sentencing package has been vacated on appeal, a hearing at which the defendant is present with counsel will generally be necessary to accomplish this purpose. But in the context of a remedial reduction of sentence after a successful Rule 35 challenge to the legality of the original sentence, this necessary process has already occurred. There has already been a sentencing hearing at which the defendant had the opportunity to rebut evidence in the presentence investigation report and to present evidence in mitigation; the sentencing judge has made the necessary credibility determinations and exercised the necessary discretion to fashion a sentencing package which he has determined, in fact, is the appropriate penalty considering the defendant's conduct and level of culpability. If the prison terms imposed on some but not all of the counts are then held to be illegally long, the illegal terms must be reduced; but the whole process need not start anew. In constitutional terms, a remedial sentence reduction is not a critical stage of the proceedings; so, the defendant's presence is not required.

The process described above is exactly what happened here. Appellant Jackson was present and exercised his right to address the court formally before his original sentencing—and received prison terms of fifteen years on each of counts 2 and 3. These were the sentences which the sentencing judge believed were justified by the facts after hearing from the defendant. After the sentences on those counts were held illegal, the sentences were corrected; and the order of modification reduced the sentences, bringing them into conformity with the law at the time of Jackson's offense.

Because neither the language of the Rule 43 presence requirement nor its underlying rationale apply in this context, neither should the requirement. We, therefore, hold that, where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous.[3] *Cf. Caille v. United States,* 487 F.2d 614 (5th Cir.1973) (correction of sentence adding mandatory special parole term makes it more onerous, so defendant's presence is required); *Rust v. United States,* 725 F.2d 1153, 1154 (8th Cir.1984) (vacating one of two sentences illegally imposed for same offense does not constitute resentencing requiring presence of defendant).

Jackson suggests that even if there is no general right to be present and address the court when a sentence is modified, he should have been entitled to do so because the judge issuing the modification order was not the original sentencing judge and was unfamiliar with the case. To support this position Jackson cites *United States v. McGuinness,* 769 F.2d 695 (11th Cir.1985) (judge who did not preside over trial and affirmatively revealed that he had not familiarized himself with trial transcript was precluded from imposing sentence), and *United States v. Caraza,* 843 F.2d 432 (11th Cir.1988) (judge who did not preside over trial but was familiar with it could properly impose sentence). But both cited cases involved the original imposition of sentence rather than a correction of sentence; they do not control—or even provide guidance—on this allocution issue.

---

**3.** It is possible to imagine a sequence of events in which one or more illegal sentences were reduced, but the overall sentencing package resulting from the modifications would be more onerous than that existing before the modifications (for example, because some previously concurrent sentences became consecutive). Assuming such a possibility—that is, an overall sentencing package made more onerous by a Rule 35 modification—would not be precluded by double jeopardy principles (as briefly discussed later in the text) or other constitutional concerns, the due process concerns reflected in *Huff,* 512 F.2d at 71, and *Mempa,* 389 U.S. at 133, 88 S.Ct. at 256, might mandate further allocution.

■ As noted above, by the time an illegally excessive sentence is reduced under Rule 35, the purpose of allocution—to allow the defendant the opportunity to challenge the information the original sentencing judge will rely upon as well as to present evidence in mitigation—has already been accomplished. The original sentencing judge has heard the defendant and imposed sentences on each count. Those sentences then set the upper limit on the punishment the defendant can receive before further allocution rights attach. *Cf. Caille*, 487 F.2d at 616 (because correction of illegal sentence adding mandatory special parole term makes it more onerous, exception to Rule 43's presence requirement for "reduction of sentence under Rule 35" does not apply, and defendant is entitled to be present).

Thus, a judge correcting a defendant's illegal sentence by reducing it does not need to be familiar with the defendant's case; all he needs to know is that the original sentencing judge who *was* familiar with the defendant's case imposed a sentence of $\underline{X}$ years. In Appellant Jackson's case, the original sentencing judge—after allocution—imposed terms of fifteen years each for counts 2 and 3. The order correcting Jackson's sentence reduced those terms to five years each. Regardless of the second judge's familiarity with Jackson's case,[4] he knew the original judge had heard from the defendant and had then imposed fifteen-year sentences. And that was all he needed to know. As long as the upper limits of fifteen years were not exceeded, the defendant could not be prejudiced; and the need for and concomitant right to further allocution did not arise.

## 2. *Modifying Unchallenged Aspects of a Challenged Sentence*

■ Jackson's second attack is on the substance of the order modifying his sentences: he argues that the correction order should simply have reduced the illegally excessive prison terms assigned for counts two and three, without changing the nature

of those terms from concurrent to consecutive with count one.

In *United States v. Cochran*, 883 F.2d 1012 (11th Cir.1989), we held that, when prison terms are successfully challenged by a Rule 35 motion as illegally excessive in length, the judge correcting the illegal sentence is *not* obligated to impose concurrent terms even if the terms were originally concurrent. *Id.* at 1014. Jackson attempts to distinguish *Cochran* by pointing out that, in *Cochran*, the defendant's sentences on all four counts were successfully challenged; the judge correcting the sentence was essentially starting with a clean slate. The judge correcting Jackson's sentences, on the other hand, was not starting from scratch; he was faced with a sentencing package including sentences which were illegal on two counts, but legal on several others. Thus, Jackson reasons, when the district court changed his sentences on counts two and three from concurrent with to consecutive to the unchallenged sentence for count one, the court was not just changing a legal aspect of an illegal sentence on a particular count as was approved in *Cochran*. Instead, according to Jackson, the court was actually modifying a separate sentence imposed on another count—that is, count one—which was lawful and unchallenged. And this, Jackson contends, exceeded the limits of the district court's authority to correct an illegal sentence under Rule 35.

Jackson's argument is based on a misperception of exactly what the district court's order correcting his sentence does. That order directs:

> As to counts 2 and 3, the defendant, Larry William Jackson, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of 5 years on each count.... The sentence as to counts 2 and 3 shall run consecutively to each other and consecutively to the sentence imposed as to count 1.
>
> . . . .

---

**4.** The government states in its brief that the judge issuing the order correcting sentence was in fact familiar with the case, having handled several of Appellant Jackson's pre and post-trial motions. Our holding does not turn on this familiarity, however.

The original sentence as to counts 1, 4, 9 and 10 shall remain in effect as [previously] imposed on January 22, 1982.

As the language of the order makes clear, it operates directly to modify the sentences only on counts two and three, the challenged, unlawful portions of the overall sentencing package. Once the sentences on counts two and three were recognized as unlawful, the entirety—not just some parts—of the sentences imposed on those counts was reopened for modification.[5] Because the order correcting Appellant Jackson's sentences operated only to modify his sentences on the challenged counts two and three, the distinction between *Cochran* and our present situation—that in *Cochran*, the defendant's original sentencing package had been vacated as to all counts, whereas only two counts of Jackson's total sentencing package had been held illegal—becomes inconsequential. *Cochran* is, therefore, directly on point; and its holding is controlling: the judge reducing the prison terms imposed for Jackson's two challenged counts was *not* obligated to reimpose the sentences with all legal aspects (for example, their nature as concurrent or consecutive to terms imposed on other counts) of the illegal sentences unchanged. *See Cochran*, 883 F.2d at

1014–15; *see also United States v. Lopez*, 706 F.2d 108 (2nd Cir.1983) (holding court correcting illegal sentence under Rule 35 has power to change nature of sentence from concurrent to consecutive).

■ Appellant Jackson further contends that to the extent the correction of his sentences went beyond purely reducing the challenged terms, it violated his double jeopardy rights by abrogating his expectation of finality in the legal aspects of his original sentences. This argument was also raised and rejected in *Cochran*, however, where we held that double jeopardy concerns are not implicated in sentence modifications as long as the overall period of imprisonment is reduced (as it was by fifteen years for Jackson). 883 F.2d at 1016–17;[6] *accord Lopez*, 706 F.2d at 109–110 (changing nature of sentence from concurrent to consecutive when correcting illegal sentence under Rule 35 does not violate double jeopardy clause, even if defendant has begun serving sentence, as long as defendant is not "actually prejudiced"—i.e., the length or conditions of his aggregate confinement are not made more onerous).

AFFIRMED.

5. Actually, the overall sentencing package may have been reopened in every respect once the sentences on counts two and three were nullified; but we need not decide that question today. The government contends that whenever a portion of a sentencing package is challenged, the judge modifying the sentencing package should be able to modify any portion of that package as long as the resulting aggregate sentence is less onerous than it was prior to the challenge. This argument is based on the holistic nature of the trial judge's sentencing decision: rather than sentencing count by count, the judge looks at the totality of the defendant's conduct and fashions a sentencing package he deems to be the appropriate societal response. This government contention has already been accepted by this court as the preferable approach in the context of resentencing after a direct appeal. *See, e.g., United States v. Curry,* 902 F.2d 912 (11th Cir.1990) (holding sentence on some, but not all, counts illegal, but nonetheless vacating *all* of the sentences—legal and illegal—to allow sentencing judge to refashion new overall sentencing plan). The context of a Rule 35 challenge to a sentence may present procedural and jurisdictional obstacles to this holistic approach, however; for the legal por-

tions of the sentencing package have not been vacated and the case has not been remanded for total resentencing. Nonetheless, the seventh circuit has held that neither Rule 35 nor double jeopardy concerns prevent a district judge from modifying an entire sentencing package in a Rule 35 attack. *United States v. Bentley,* 850 F.2d 327 (7th Cir.), *cert. denied* 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988). Other courts have gone the other way. *See United States v. Minor,* 846 F.2d 1184 (9th Cir.1988); *United States v. Henry,* 709 F.2d 298 (5th Cir.1983) (en banc) (plurality opinion).

Because we have found that the order correcting sentence below operated only on the challenged, illegal portions—the sentences on counts two and three—of Jackson's sentencing package, this is not the appropriate case in which to decide this issue.

6. Again Jackson attempts to distinguish *Cochran* on the grounds that the entirety of the *Cochran* defendant's sentencing package was held illegal. Because the double jeopardy analysis focuses on the overall length and conditions of confinement rather than the sentence imposed on any given count, however, *see Cochran,* 883 F.2d at 1017, this distinction is unmeaningful.

ANDERSON, Circuit Judge, dissenting:

Respectfully, I submit that the practical effect of the district court's actions in this case was a resentencing on all relevant counts. Not only was the sentence reduced on counts 2 and 3 but also the twenty-year sentence on count 1 was changed so that it was consecutive and no longer concurrent. In my opinion, this was within the district court's authority. In light of the holistic nature of the sentence, when Jackson challenged the sentence on counts 2 and 3, he necessarily also brought into issue the sentence on count 1. See Opinion for the Court, n. 5, supra. However, the case law in this circuit holds that the right of allocution attaches when there is such a resentencing. Accordingly, I would vacate the sentences and remand for resentencing at which Jackson is allowed allocution.