COPE, Judge
(concurring).
In my view the trial court at resentencing may consider running the count being resen- *368 tenced (count I) consecutive to the existing 16-year sentence on count II in order to come as close as possible to the original sentencing intent. See United States v. Gruenberg, 53 F.3d 214, 215 (8th Cir.1995); United States v. Jackson, 923 F.2d 1494, 1498-99 & n. 5 (11th Cir.1991). Our vacating of the sentence on count I necessarily reopens all aspects of the count I sentencing order, including the question of whether count I should run consecutive to, instead of concurrent with, count II. See United States v. Jackson, 923 F.2d at 1498-99. Even with consecutive sentencing, the aggregate term would be 55 years, well short of the original 75 years (count I) with 15 years concurrent (count II).*

 In view of Fasenmyer v. State, 457 So.2d 1361 (Fla.1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985), it would be inadvisable to disturb the sentencing order on count II.