[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 3, 2008
THOMAS K. KAHN
CLERK

No. 07-12195
Non-Argument Calendar
_____

D. C. Docket No. 03-20157-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YAIR MALOL,
a.k.a. Yanni,
a.k.a. Charlie Levy,
a.k.a. Dany Malol,
a.k.a. Allen Mallul,
a.k.a. Zahi Melul,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 3, 2008)

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Yair Malol was convicted of 33 counts, including 1 count of conspiracy, 15 counts of wire fraud, 9 counts of extortion, 7 counts of making a false bill of lading, and 1 count of conspiracy to commit money laundering.[1] He was acquitted of 1 count of wire fraud, 1 count of extortion, and 1 count of making a false bill of lading.[2] Malol appeals his 121-month sentence, arguing that it is unreasonable in light of 18 U.S.C. § 3553(a) and his codefendants' sentences.

First, he argues that his sentence creates a disparity because his is more than twice as high as his codefendants'. Second, he argues that his sentence is unreasonable because he has no prior criminal convictions, and has been isolated from his family in Israel. Finally, he argues that the district court did not properly consider his particular characteristics and the nature of his confinement. He does not challenge district court's sentence based on 36 instead of 33 counts of conviction. We affirm in part, vacate in part, and remand for resentencing with instructions.

## I.

We review a sentence imposed by the district court for both procedural and

---

[1] We upheld Malol's conviction and sentence in *United States v. Malol*, 476 F.3d 1283, 1284 (11th Cir. 2007). We vacated the sentence and remanded for resentencing, finding that the two-level enhancement based on a Notice of Claim from the Department of Transportation was in error. *Id.*

[2] *Id.* at 1284 & n.1.

2

substantive reasonableness. *See Gall v. United States*, 552 U.S. ___, ___, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). Our "review for reasonableness is deferential, and the party challenging the sentence has the burden of establishing unreasonableness." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We review sentencing decisions for an abuse of discretion. *Gall*, 128 S. Ct. at 597.

A sentence may be procedurally unreasonable if the district court improperly calculated the guideline range, treated the guidelines as mandatory rather than advisory, failed to consider the appropriate § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence. *Id.* After determining that the sentence is procedurally sound, we review the substantive reasonableness of a sentence for an abuse of discretion. *Id.* Our review for substantive reasonableness involves examining the totality of the circumstances, including the extent of any variance from the guidelines range. *Id.* "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

After *Booker*,[3] a district court first must correctly calculate and consult the guideline range, and second, must consider the § 3553(a) factors. *United States v.*

---

[3] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

*Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).[4]

The district court does not need to discuss each § 3553(a) factor explicitly. *Talley*, 431 F.3d at 786. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.* "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, ___ U.S. ___, 128 S. Ct. 671, 169 L. Ed. 2d 526 (2007). "We will not substitute our judgment in weighing the relevant factors." *Id.*

Malol's total sentence is procedurally reasonable because the district court properly considered the recommended guideline range and the § 3553(a) factors. Likewise, the sentence is substantively reasonable. The offenses were serious and perpetuated over a period of time, and there were numerous victims. Malol cannot show that his sentence was unreasonable due to a disparity between his sentence and his codefendants' because he has not established that his codefendants were

---

[4]The § 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1)-(7).

similarly situated. *See* 18 U.S.C. § 3553(a)(6). Accordingly, we affirm Malol's sentences as reasonable.

## II.

We may *sua sponte* note clerical error in the district court's judgment and remand with instructions to correct the error. *See United States v. Anderton,* 136 F.3d 747, 751 (11th Cir. 1998) (per curiam). "It is fundamental error for a court to enter a judgment of conviction against a defendant who has not been . . . found guilty of the crime recited in the judgment." *United States v. Diaz*, 190 F.3d 1247, 1252 (11th Cir. 1999). Although a defendant normally must be present at an initial sentencing or resentencing, "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." *United States v. Jackson*, 923 F.2d 1494, 1497 (11th Cir. 1991).

The district court sentenced Malol based on 36 counts. But the jury convicted Malol of only 33 counts. The court's written judgment erroneously includes three extra counts and subjects Malol to a special assessment of $3,600, or $100 per count of conviction. Because the district court sentenced Malol based on three incorrect counts, we *sua sponte* vacate the sentence. We remand for the

5

district court to modify the sentence to reflect only 33 counts of conviction. Malol does not need to be present at resentencing because the modification does not make the sentence more onerous. *See Jackson*, 923 F.2d at 1497.

## CONCLUSION

We affirm Malol's sentence as reasonable. We vacate in part and remand for the district court to resentence Malol without including the three incorrect counts of conviction.

**AFFIRMED IN PART; VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**