[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13732
Non-Argument Calendar

_____

D. C. Docket Nos. 05-01611-CV-JTC-1, 98-00375 CR-2-1

RONALD ADAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 6, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Adams, a federal prisoner, appeals the partial grant of his 28 U.S.C.

§ 2255 motion to vacate on grounds that the district court erred by failing to conduct a resentencing hearing before reducing his sentence. We granted a certificate of appealability on the issue of:

> Whether, after finding that a prior conviction used to determine [Adams's] criminal history category had been subsequently vacated, the district court erred by not holding a resentencing hearing before imposing a new sentence.

On appeal Adams argues that the district court erred after granting his § 2255 motion because it reduced his sentence without conducting a new sentencing hearing. He asserts that the text of § 2255, the Federal Rules of Criminal Procedure, and case law demonstrate that he was entitled to a new sentencing hearing in order to advocate for a lower sentence. Specifically, he argues that, following a successful § 2255 motion, the district court must vacate the judgment and then either discharge the prisoner, resentence him, grant him a new trial, or correct the sentence. He claims that the district court's only feasible option in this case was to conduct a resentencing hearing to permit him to advocate for a lower sentence in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).[1] He also asserts that the district court denied him the ability to assert his rights under Rule 32 of the Federal Rules of Criminal Procedure to raise new

---

[1] We have held that Booker does not apply retroactively to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

objections and introduce mitigating evidence at resentencing.

In a § 2255 proceeding, we review legal issues de novo. United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999). A federal prisoner may use a § 2255 motion to challenge his federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If the prisoner is successful, the district court "shall vacate and set the judgment aside and shall" either: (1) discharge the prisoner, (2) resentence him, (3) grant a new trial, or (4) correct the sentence as may appear appropriate. Id. § 2255(b). Pursuant to a § 2255 motion, a district court "may reopen and reduce" a federal prisoner's sentence once the prisoner has, "in state court, successfully attacked a prior state conviction" that previously was used to enhance the federal sentence. Walker, 198 F.3d at 813.

The prisoner's right to a resentencing hearing depends on whether his original sentencing package was vacated in its entirety. See United States v. Jackson, 923 F.2d 1494, 1496-97 (11th Cir. 1991). In Jackson, a case involving a former version of Rule 35 of the Federal Rules of Criminal Procedure, we held that "the defendant's right to be present extends to the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing." Id. at 1496. In contrast, "where the

3

entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." Id. at 1497.

In United States v. Taylor, 11 F.3d 149 (11th Cir. 1994), a case involving a § 2255 motion to vacate, we held that a defendant had the right to be present and allocute at a resentencing hearing. Id. at 152. There, we relied on the district court's actions and noted that the "district court was not required to vacate Taylor's sentencing package in its entirety and schedule a resentencing." Id. at 152. It could have "entered an order amending [his] sentence." Id. However, because the district court "'set aside and vacated' the original sentence and scheduled a resentencing," the defendant had the right to be present and allocute. Id.

In this case, the district court considered the available options and chose to modify the existing sentence by applying the low end of Adams's adjusted Guidelines range after one of Adams's state convictions, relied upon for sentence enhancement, was vacated. Unlike Taylor, the district court in this case specifically chose not to vacate Adams's original sentencing package in its entirety before modifying the sentence. Therefore, Adams was not entitled to a resentencing hearing. Accordingly, we affirm the district court's reduction of Adams's sentence from 292 months to 262 months.

4

Upon review of the record, and upon consideration of the parties' briefs, we find no reversible error.

AFFIRMED.[2]

---

[2] Appellant's request for oral argument is denied.