[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12945
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 6, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 96-00004-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE MICHAEL BREWER,
a.k.a. Michael Brewer,
a.k.a. Rubber Duck,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 6, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Kyle Brewer appeals the district court's denial of his motion for a resentencing hearing. On appeal, Brewer argues that the district court violated Rule 32 of the Federal Rules of Criminal Procedure when it resentenced him in absentia. Brewer argues that he should have been afforded a resentencing hearing, at which he would have had an opportunity to allocute. As a result of not being afforded a resentencing hearing, Brewer generally argues that his rights to Due Process and Equal Protection Under the Law were violated.

We have held that the established right to be present at sentencing does not translate into a right to be present whenever a court modifies a sentence. *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991). We explained that a "defendant's right to be present extends to the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing." *Id.* In contrast, "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." *Id.* at 1497. We emphasized that the defendant already had the opportunity to allocute during his original sentencing hearing. *Id.* at 1496-97.

Here, the district court entered an amended judgment, vacating Brewer's

2

conviction and sentence imposed on Count Six. The district court did not alter the sentences for the remaining counts of conviction. Nothing in the record suggests that Brewer did not have the opportunity to challenge his sentencing information and present mitigating evidence at his original sentencing hearing. *See Id.* at 1497. Moreover, Brewer has presented nothing to show any reasonable possibility that, if he had been afforded the opportunity to allocute at a resentencing hearing, the district court would have imposed a different sentence. Accordingly, we affirm the district court's order denying Brewer's motion for a resentencing hearing.

**AFFIRMED.**