[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15321
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20434-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO RAMOS-YANAC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2011)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Reynaldo Ramos-Yanac, appearing pro se, appeals the denial of his motion for a sentence reduction based on substantial assistance, filed pursuant to Fed. R. Crim. P. 35(b). On appeal, Ramos-Yanac argues that the district court erred by failing to afford him legal counsel and that he was misled by promises of a substantial assistance sentence reduction from law enforcement agents, his defense attorney, and the prosecutor.

We review de novo a district court's authority under Rule 35(b) to reduce a sentence. United States v. Orozco, 160 F.3d 1309, 1310, 1312-13 (11th Cir. 1998). Pursuant to Rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). As the language of the rule indicates, the district court may only reduce a defendant's sentence pursuant to Rule 35(b) upon the government's motion. United States v. Howard, 902 F.2d 894, 897 (11th Cir. 1990). The Supreme Court has held that this rule gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992). We have previously explained, however, that "judicial review *is* appropriate when there is an allegation *and* a substantial showing that the prosecution refused to file a

2

substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." United States v. Forney, 9 F.3d 1492, 1502 (11th Cir. 1993).

After careful review, we affirm. First, Ramos-Yanac did not did not have a right to assistance of counsel in filing his Rule 35(b) motion. The Sixth Amendment guarantees defendants a right to counsel "during those critical stages of a criminal prosecution where substantial rights of a criminal accused may be affected." United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009). But a Rule 35(b) motion is not a critical stage of the prosecution. Cf. United States v. Jackson, 923 F.2d 1494, 1496–97 (11th Cir. 1991) (holding that a criminal defendant's presence is not required at a remedial sentence reduction under Rule 35(b) because that is not a "critical stage" of criminal proceedings."). Therefore, we reject his argument that the district court erred in failing to provide him with counsel.

Second, because there was no specific agreement requiring the government to file a Rule 35(b) motion, here the district court was authorized to review the government's refusal to file a substantial assistance motion only if it found that the refusal was based on an unconstitutional motive, such as race or religion. See Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44. While Ramos-Yanac contends

that he should have received a lesser sentence and that he was misled by false promises, he does not allege that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive, as described in <u>Wade</u>. <u>See</u> <u>id</u>. Accordingly, we affirm the denial of the Rule 35(b) motion.[1]

**AFFIRMED.**

---

[1] Ramos-Yanac argues for the first time on appeal that he is entitled to safety-valve relief, but we find that he has forfeited his claim by not presenting it to the district court. <u>See</u> <u>Access Now, Inc. v. Sw. Airlines Co.</u>, 385 F.3d 1324, 1331 (11th Cir. 2004) (issue not raised in the district court and raised for the first time on appeal is forfeited).