Filed 7/5/16  P. v. Keeton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JERMALE KEETON,<br><br>    Defendant and Appellant. | F070339<br><br>(Kern Super. Ct. No. BF136484A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, R. Todd Marshall and Larenda R. Delaini, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

I.    Initial Trial Court Proceedings[1]

Defendant Jermale Keeton (defendant) was charged with solicitation to commit murder (count I – Pen. Code, § 653f, subd. (b))[2] and active participation in a criminal street gang (count II – § 186.22, subd. (a)).  The amended information alleged defendant committed the murder solicitation for the benefit of a criminal street gang.  (§ 186.22, subd. (b)(1).)  The amended information further alleged defendant has previously been convicted of a felony as defined in sections 667, subdivisions (c) through (j) and 1170.12, subdivisions (a) through (e), and previously served two prior prison terms (§ 667.5, subd. (b).)

A jury convicted defendant of active participation in a criminal street gang but was unable to reach a verdict on solicitation.  The court declared a mistrial as to the solicitation count.  The trial court found the prior conviction and prior prison term allegations as to count II to be true.

On February 15, 2012, defendant was sentenced only as to the active participation count and enhancements.  Defendant received a prison term of 11 years.

On March 2, 2012, a plea form was filed reflecting a plea agreement whereby defendant would plead no contest to the solicitation count, and admit the gang enhancement and the prior conviction.  (§ 667, subds. (a) & (e).)  Under the agreement, defendant would receive an aggregate 13-year sentence for the solicitation count, the gang enhancement and the prior conviction enhancement.  Defendant's sentence on the active participation count would be stayed under section 654.

---

[1] The facts for this section are largely taken from our decision in *People v. Keeton* (Jan. 30, 2014, F064723) [nonpub. opn.].)  (See Cal. Rules of Court, rule 8.115(b)(2).)  This court previously granted defendant's request to take judicial notice of the record in that case.

[2] All further statutory references are to the Penal Code unless otherwise stated.

On April 2, 2012, the court resentenced defendant to an aggregate term of 13 years. The sentence included the lower term of three years on the solicitation count, doubled pursuant to section 667, subdivision (e), plus two years for the gang enhancement, plus five years pursuant to section 667, subdivision (a). On the active participation count, the court sentenced defendant to six years and stayed imposition of the sentence pursuant to section 654.

On April 3, 2012, defendant filed a notice of appeal with respect to his conviction for active participation in a criminal street gang.

II.     Appellate Decision

In an opinion filed January 30, 2014, this court reversed defendant's conviction for actively participating in a street gang due to instructional error. (*People v. Keeton*, *supra*, F064723 (*Keeton I*).) We remanded the matter to the trial court "for possible retrial." (*Ibid.*)

III.    Trial Court Proceedings on Remand

On April 28, 2014, the trial court held a hearing on whether the prosecution desired to retry defendant on the active participation count. Defendant was not present, so the court initially trailed the matter "for Mr. Keeton to be here." After the court addressed other matters, it again called defendant's case. The court noted that defendant was currently housed at a state prison, and that his counsel was present on his behalf.

The prosecution moved to dismiss, rather than retry, the active participation count. The prosecution's motion was made on the condition that defendant's prior plea with respect to the solicitation count and its enhancements remained in effect. The court stated: "It's my understanding that the defense is agreeable to the dismissal without prejudice to any rights Mr. Keeton may have regarding his prior plea bargain and possibly a motion to withdraw that plea, based on this appellate ruling?" Defense

counsel responded, "Yes, your Honor." The court then dismissed the active participation count.[3]

A minute order later indicated that defendant's absence from the hearing was due to him not being "transported to court."

IV.    Defendant's Petition for Writ of Habeas Corpus

On August 11, 2014, defendant filed a petition for writ of habeas corpus seeking permission to file a late notice of appeal.[4]  In the petition, defendant claimed that he had told appellate counsel to file a notice of appeal on his behalf, and that appellate counsel asked his trial counsel to file it.  The petition further indicated that trial counsel agreed to file the notice of appeal but did not do so in a timely fashion.

This court granted the defendant's petition, permitting him to file a late notice of appeal under the constructive filing doctrine.  (See *In re Jermale Keeton*, *supra*, F069871.)  Pursuant to that relief, defendant filed the notice of appeal, which initiated the appeal now before us.

V.    Modified Abstract of Judgment

On October 29, 2014, the trial court filed an amended abstract of judgment reflecting the original 13-year sentence for the solicitation count and enhancements.

**DISCUSSION**

Defendant argues that the court prejudicially erred by holding the post-remand hearing in his absence.  We disagree.

"[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness

---

[3] In our unpublished opinion in *In re Jermale Keeton* (Sept. 24, 2014, F069871) [nonpub. opn.], we stated in dictum that the trial court granted the prosecution's motion to dismiss count II "over defense counsel's objection."  We find it more precise to describe the defense's position not as an "objection" but rather a conditional agreement.  That is, defense counsel agreed to the dismissal so long as it was done without prejudice to a possible motion to withdraw the plea.

[4] On our own motion, we take judicial notice of the record in that case, *In re Jermale Keeton*, *supra*, F069871.

4.

of the procedure." (*Kentucky v. Stincer* (1987) 482 U.S. 730, 745.) However, "the privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a shadow'…." (*Ibid*.)

This right to be present generally extends to sentencing hearings. (See *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414.) The rationale for requiring a defendant's presence at sentencing is to ensure "the defendant has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have. [Citations.]" (*United States v. Jackson* (11th Cir. 1991) 923 F.2d 1494, 1496–1497 (*Jackson*).) "For an initial sentencing, or even a resentencing where an *entire* sentencing package has been vacated on appeal, a hearing at which the defendant is present with counsel will generally be necessary to accomplish this purpose." (*Id.* at p. 1497, italics added.)

But when only a portion of a defendant's sentence is invalidated, "the whole process need not start anew." (*Jackson*, *supra*, 923 F.2d at p. 1497.) In that circumstance, the fundamental question is whether "[t]here has already been a sentencing hearing at which the defendant had the opportunity to rebut evidence in the presentence investigation report and to present evidence in mitigation; the sentencing judge has made the necessary credibility determinations and exercised the necessary discretion to fashion a sentencing package which [she] has determined, in fact, is the appropriate penalty considering the defendant's conduct and level of culpability." (*Ibid*.)

Here, the defense was afforded an opportunity to make its case with respect to sentencing at the initial sentencing hearing on April 2, 2012. Defendant was present at that hearing, and the defense chose to "submit" on the plea agreement. Defendant was then sentenced to 13 years on the solicitation count. Defendant does not suggest that this original sentencing hearing was inadequate. Instead, he contends that he "had a right to argue for a better sentence" after we later remanded the case in *Keeton I*. We disagree.

As we will explain, the trial court did not have jurisdiction to grant defendant a "better sentence" on the solicitation count on remand.

Generally, when a case is "remanded for resentencing" after the reversal of one count, the trial court has jurisdiction to modify the defendant's sentence even as to convictions that were affirmed. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259.) But our disposition in *Keeton I* did not remand for resentencing. " 'On remand with directions, after a judgment on appeal, the trial court has jurisdiction only to follow the directions of the appellate court; it cannot modify, or add to, those directions.' [Citation.]" (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 441.) Our remand in *Keeton I* was only to permit a possible retrial of the active participation count. Since no retrial occurred, the trial court only had jurisdiction to implement this court's judgment of reversal on the active participation count. Specifically, the court only had jurisdiction to perform the ministerial act of amending the abstract of judgment to reflect that only the solicitation count, enhancements and resultant 13-year sentence remained intact. Defendant did not have a right to be personally present for those proceedings because they were not "critical."[5] (Cf. *Jackson*, *supra*, 923 F.2d at p. 1497.)

Defendant also argues the trial court erred when it "deprived him" of the ability to seek withdrawal of his plea. But defendant does not show that the trial court in fact denied him the opportunity to seek withdrawal of his plea.[6] To the contrary, the trial

___

[5] In addition to the constitutional claim, defendant asserts that his statutory right to be personally present at court proceedings was violated. (See § 977.) Violations of a defendant's statutory right to personal presence are " 'reversible only if it is reasonably probable the result would have been more favorable to defendant absent the error.' [Citation.]" (*People v. Moon* (2005) 37 Cal.4th 1, 21, quoting *People v. Riel* (2000) 22 Cal.4th 1153, 1196.) Since the trial court had no jurisdiction to grant defendant a more favorable sentencing result on remand, defendant cannot show prejudice.

[6] In fact, defendant's petition for writ of habeas corpus in *In re Jermale Keeton*, *supra*, F069871, shows defense counsel *decided* not to seek withdrawal of the plea. In that writ petition, defendant himself wrote: "[In a letter received by defendant on May 11, 2014] Mr. Evers [defendant's attorney] went on to give me two-options involving the reversed count. Option one was I can leave everything as is in terms of me accepting the trial court decision that

6.

court acknowledged that the defense's assent to the dismissal of the active participation count was made "without prejudice to any rights [defendant] may have regarding his prior plea bargain and possibly a motion to withdraw that plea …."[7]  Yet, the defense never filed a motion to vacate the judgment with leave to change his plea.  (See *People v. Grgurevich* (1957) 153 Cal.App.2d 806, 810 [describing motion].)  Defendant's argument that the trial court "deprived" him of the ability to seek withdrawal of his plea is meritless.

## DISPOSITION

The judgment is affirmed.

_____
POOCHIGIAN, J.

WE CONCUR:

_____
LEVY, Acting P.J.

_____
FRANSON, J.

---

was made outside of my present [*sic*]….  The second option was that he could put in a motion that would allow me to withdraw a plea-deal I was force [*sic*] to take after my trial.  I wrote Mr. Evers back advising him to take what-ever step that need to be tooking [*sic*] that would allow me to withdraw my plea-deal.  At the time Mr. Evers agreed to do so.  Unfortunately I received a letter two-weeks later from Mr. Evers telling me that a motion to withdraw my plea is not a [*sic*] option in Superior Court based on time frame."

This bolsters our conclusion that defendant was not *prevented* from seeking withdrawal of his plea by the trial court.  Instead, counsel *decided* not to seek withdrawal after concluding such a motion would have been untimely.

Defendant does not raise an ineffective assistance of counsel claim in this appeal.

[7] The day after the April 28, 2014, hearing, defense counsel advised defendant of what had transpired at the hearing.  (*In re Jermale Keeton*, *supra*, F069871.)

7.