[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12160

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OCTAVIUS LEE DURDLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:21-cr-00028-AW-GRJ-1

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Octavius Durdley appeals his conviction for failure to register as a sex offender.  First, he argues that the district court abused its discretion in failing to sua sponte order a competency evaluation and conduct a competency hearing.[1]  Second, he contends that the court plainly erred in removing him from the courtroom at his trial and sentencing hearing.  Upon consideration, we affirm.  We address each argument in turn.

I

We review a district court's failure to sua sponte order a hearing on the defendant's competency for abuse of discretion. *United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015).  The

---

[1] In a footnote in his brief, Durdley also argues that his waiver of his right to testify was not knowing, intelligent, and voluntary.  The law is clear in our Circuit that in order to properly raise an issue on appeal, an appellant must, "plainly and prominently so indicate." *Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013) (internal quotations and citation omitted).  "Merely making passing references to a claim under different topical headings is insufficient." *Id.*  Rather, a party needs to "clearly and unambiguously demarcate the specific claim and devote a discrete section of his argument to it." *Id.* (citation omitted).  Durdley abandoned any argument that the waiver of his right to testify was not knowing, intelligent, and voluntary by raising it only in a footnote.

abuse-of-discretion standard is deferential. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

The Due Process Clause of the Fifth Amendment prohibits the government from trying an incompetent defendant. *See* U.S. Const. amend. V; *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). For a defendant to be competent to proceed to trial or enter a guilty plea, he must have "the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Wingo*, 789 F.3d at 1234–35 (quotation marks and citation omitted). The district court has an obligation to sua sponte hold a hearing if it has reasonable cause to believe that a defendant may be incompetent. *Id.* at 1236; *see also* 18 U.S.C. § 4241.[2] Reasonable cause is established where the district court has a bona fide doubt about the defendant's competence. *Wingo*, 789 F.3d at 1236. The court must consider three factors in determining whether there is a bona fide doubt: "(1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial." *Id.* (quotation marks and citation omitted). A court must consider the aggregate of all three prongs and cannot evaluate each prong in a vacuum. *Id.* Evidence under a single prong, even standing alone, however, may be sufficient to

---

[2] The relevant language of the provision states that "[t]he court . . . shall order [a competency hearing] on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." 18 U.S.C. § 4241.

establish a bona fide doubt about the defendant's competence. *Id.* The district court has the advantage of its firsthand observations when assessing the evidence. *United States v. Dixon*, 901 F.3d 1322, 1342 (11th Cir. 2018).

Furthermore, the district court did not abuse its discretion by failing to sua sponte order a competency hearing because it had no reasonable cause to believe that Durdley may have been incompetent. First, as to irrational behavior, Durdley argues that filing multiple pleadings and "repeatedly referr[ing] to a fictional legal system that had no basis in reality" created sufficient doubt about his competency. Durdley certainly espoused what have been termed "sovereign citizen" views.[3] But expressing such views doesn't necessarily indicate irrationality of the sort that a court would find calls a party's competence into question.[4] In fact, the district court specifically found that Durdley understood the proceedings based on his behavior throughout and determined that he

---

[3] "[S]overeign citizen" cases involve parties "who believe they are not subject to the jurisdiction of the courts." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Here, Durdley claimed, among other things, that his rights were reserved under the Uniform Commercial Code and that he didn't consent to the proceedings.

[4] While courts summarily reject arguments of this sort as frivolous, this does not mean that those who espouse such views are incompetent to stand trial. *See United States v. Sterling* 738 F.3d 228, 233–39 (11th Cir. 2013) (analyzing district court's trial of a defendant in abstentia after defendant articulated sovereign-citizen type claims with no suggestion that defendant was incompetent).

22-12160               Opinion of the Court                    5

was competent despite his sovereign-citizen views.[5] On the second prong—the defendant's demeanor at trial—while the court noted that he had been disruptive through the entirety of the proceedings, it found that Durdley was calm, speaking in a normal manner, and not screaming or flailing around. Finally, Durdley provided no prior medical opinions or evidence regarding his competence. Taken in the aggregate, and with the deferential view that this Court takes under the abuse-of-discretion standard, we hold that the district court didn't err in failing to sua sponte order a competency hearing. Accordingly, we affirm as to this issue.

## II

When reviewing a district court's trial of a defendant in absentia, we ordinarily review the court's interpretation of the relevant procedural rule de novo, and then examine whether the court properly exercised its discretion to allow the trial to go forward after finding that the defendant voluntarily waived his right to be present. *Sterling*, 738 F.3d at 234.

When a defendant fails to object to his absence from a proceeding before the district court, however, we review only for plain error. *United States v. Downs*, 61 F.4th 1306, 1314 (11th Cir. 2023). "Under plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of

---

[5] Though not dispositive, it is also worth noting that Durdley's counsel expressed no concerns about Durdley's competency.

judicial proceedings." *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).

We have explained that the right to be present at trial stems from "the Confrontation Clause of the Sixth Amendment, the Due Process Clause of the Fifth Amendment, and Federal Rule of Criminal Procedure 43." *United States v. Novaton*, 271 F.3d 968, 997 (11th Cir. 2001). The right to be present under the Due Process Clause guarantees the defendant a "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Id.* at 998 (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). One "critical stage" of the criminal proceeding that receives protection under the Due Process Clause is when the defendant's sentence is imposed. *See United States v. Jackson*, 923 F.2d 1494, 1496–97 (11th Cir. 1991). Rule 43 states that a defendant must be present "at every trial stage" and "sentencing." Fed. R. Crim. P. 43(a)(2), (3).

A defendant's waiver of his right to be present must be knowing and voluntary. *Sterling*, 738 F.3d at 236. In *Sterling*, we concluded that the district court did not abuse its discretion in finding that Sterling voluntarily waived his right to be present after it explained that he had a right to be present, it asked whether he wanted to be present, and he refused to respond. *Id.* at 236–37. District courts must also balance the public's interest with the defendant's right to be present. *Id.* at 237. When a defendant's absence is due to his decision not to be present, then there is no reason to believe that trial is soon to occur with the defendant's

presence. *Id.* District courts are under no obligation to force the defendant's presence. *Id.*

"In non-capital cases, a criminal defendant's voluntary absence after the trial has commenced in his presence need not prevent continuing the trial, to and including the return of the verdict." *Foster v. Wainwright*, 686 F.2d 1382, 1387 (11th Cir. 1982). Once a defendant loses his right to be present at trial due to continued disruptive behavior, this right can be reclaimed as soon as he is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings. *Id.* (quoting *Illinois v. Allen*, 397 U.S. 337, 343 (1970)).

Durdley contends that his removal was premature because his conduct was not of such an "extreme and aggravated nature" to justify complete removal. Appellant's Br. at 30 (quoting *Allen*, 397 U.S. at 346). In *Illinois v. Allen*, a trial court removed a defendant from the courtroom because he argued with the court in a disrespectful manner and continued to "talk back" even after he was warned that his next outbreak would result in his removal. 397 U.S. at 340. The Supreme Court upheld the removal, holding that trial courts confronted with disruptive and stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. *Id.* at 343, 347. The Court concluded that there were at least three constitutionally permissible ways for a trial court to handle a disruptive defendant: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; or (3) remove him from the courtroom until he promised to properly

conduct himself. *Id.* at 343–44. It stated that, if any rights were lost—such as the right to confront witnesses—they could be reclaimed as soon as the defendant was willing to act appropriately. *Id.* at 343.

Here, the court did not plainly err in removing Durdley from the trial or sentencing hearing. At trial, Durdley's waiver of his right to be present was knowing and voluntary because, while the court explained that he had a right to be present and a right to testify, he repeatedly asked the court to remove him. The court did not err in continuing the trial without Durdley's presence because there was no reason to believe that trial would soon occur with his presence, as he was warned the trial would proceed without him if he failed to follow orders and he responded by asking to be removed. Additionally, each time the district court removed Durdley, it informed him that he could return if he wished. At the sentencing hearings, Durdley lost his right to be present by interrupting the judge and failing to follow the court's order to answer its questions.

Durdley also argues that he was never warned of possible contempt citations. The district court was not required, however, to choose that option. One of the constitutional options for handling disruptive defendants is removal of the defendant until he agrees to conduct himself properly. *Id.* at 344. That the district court here chose that course of action instead of one of the other constitutional options presented in *Allen* is not an error, much less

22-12160                Opinion of the Court                    9

plain error.  Accordingly, we affirm the district court's decision to remove Durdley.

**AFFIRMED.**