[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11245

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 06-00127-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT JAMES KROCKA,
a.k.a. Da Monster,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2010)

Before DUBINA, Chief Judge, MARTIN and COX, Circuit Judges.

PER CURIAM:

A federal grand jury issued a twenty-five count indictment against Vincent

James Krocka. It includes counts of mail threat in violation of 18 U.S.C. § 876(c),

extortionate mail threat in violation of 18 U.S.C. § 876(b), and witness tampering in

violation of 18 U.S.C. § 1512(b)(1). He was convicted on four counts of mail threat, four counts of extortionate mail threat, and six counts of witness tampering. He appeals those convictions and his sentence.

Krocka raises a number of issues on appeal; we address in detail only his contention that the district court erred in denying his motion for judgment of acquittal as to counts twenty-four and twenty-five of the indictment, which allege witness tampering.[1] Because we conclude that insufficient evidence was presented at trial for a rational juror to find that Krocka attempted to intimidate, threaten, or otherwise influence the testimony of the witness described in those counts, we hold that he is entitled to a judgment of acquittal as to those two counts.

Count twenty-four of the indictment alleges that Krocka:

did knowingly and willfully use intimidation, threaten, and corruptly persuade another person, and attempt to do so, with the intent to influence, delay, and prevent the testimony of that person in an official proceeding, that is, an appearance as a witness in the trial of Vincent J. Krocka, et al, Case Number 8:06-CR-00127-T-23 TGW, in the United

_____

[1]Krocka also contends: (1) that the court erred in denying his motion to dismiss the indictment because he was denied his constitutional right to a speedy trial; (2) that the court erred in admitting, under Federal Rule of Evidence 404(b), evidence of prior crimes; (3) that the court erred in admitting evidence of phone calls between Krocka and his sons to which the alleged target of his threats was not privy; (4) that the court erred in denying his motion for acquittal on sufficiency of the evidence grounds as to counts 5, 10, 11, 13-17, and 20-23; (5) that the court failed to instruct the jury that mental abuse is not a form of bodily injury; (6) that the court improperly grouped his convictions for sentencing purposes; and (7) that the court erred in failing to reduce his sentence due to the fact that he suffered from reduced mental capacity. After review of the record, and with the benefit of oral argument, we conclude that these arguments are without merit.

States District Court for the Middle District of Florida, in that the defendant attempted to send, and sent a letter to his son stating in part:

> ". . . Don't let the government scare you or bulldoze you. Stand up to them. Tell them to fuck off . . . ["]

> " . . . I need you to stop mom from showing up at court and testifying against me. Can you imagine her disloyalty to all of us. It is in your hands. I trust you and I am depending on you for my freedom."

(R.1-34 at 19.)

Count twenty-five of the indictment alleges that Krocka:

did knowingly and willfully use intimidation, threaten, and corruptly persuade another person, and attempt to do so, with the intent to influence, delay, and prevent the testimony of that person in an official proceeding, that is, an appearance as a witness in the trial of Vincent J. Krocka, et al, Case Number 8:06-CR-00127-T-23 TGW, in the United States District Court for the Middle District of Florida, in that the defendant attempted to send, and sent a letter to his son stating in part:

> ". . . You must stop mom from coming to court and testifying against me, and if you are contacted by the government, don't talk to them but refer them to your lawyer . . . same for Dan, tell him!["]

(*Id.* at 20.) At trial, the Government introduced the letters in their entirety, but did not present other evidence that directly supports the allegations contained in counts twenty-four and twenty-five.

3

We conclude that the witness described in these counts of the indictment is Jeff Krocka, the defendant's son.[2] The indictment charges that Defendant Vincent Krocka willfully intimidated, threatened, and corruptly persuaded Jeff with an intent to influence, prevent, and delay Jeff's testimony. And, the jury was instructed that it could find the defendant guilty only if it was proved beyond a reasonable doubt that: (1) the person described in the indictment was a witness or scheduled to be a witness; (2) the defendant used intimidation, threats, or corrupt persuasion or attempted to do so against such person as charged; and (3) the defendant did so knowingly and willfully with the intent to influence, delay, or prevent the testimony of the witness. (R.7-123 at 95.) The jury was instructed that: to "intimidate" means to intentionally say or do something that would cause a person to be fearful of bodily harm; "corruptly" means to do something knowingly and dishonestly with a specific intent to subvert or undermine the integrity of a proceeding; and that to do something

---

[2]These counts do not explicitly name Jeff Krocka as the target of the alleged witness tampering. Each count identifies and quotes from a letter Defendant Krocka wrote to Jeff. The letter identified in count twenty-five was also addressed and mailed to Jeff, but the letter identified in count twenty-four was addressed and mailed to Defendant Krocka's son Dan. The identity of the witness said to be tampered with is ambiguous at best, but because both of the letters were written to Jeff, we conclude that these counts charge that Defendant Krocka attempted to interfere with Jeff's testimony. Because we reverse Defendant Krocka's conviction for count twenty-four on other grounds, we do not address whether the court plainly erred in failing to dismiss this count because it fails to state an offense.

4

"knowingly corruptly," a person must be conscious of his wrongdoing. (*Id.* at 95-96.) No objection was made at trial to these jury instructions.

After review of the letters offered to support the allegations of witness tampering, we conclude that no rational juror could interpret the letters as attempting to intimidate, threaten, or corruptly persuade Jeff Krocka in order to influence, delay, or prevent his testimony. The letter offered to support the allegations of count twenty-four advises Jeff that he may be subpoenaed to give copies to the Government of all of the letters Defendant Vincent Krocka had written to him, and it warns Jeff that he may be asked to testify before a federal grand jury. It goes on to direct Jeff to inform the defendant's attorney if he is subpoenaed and to "[d]o exactly as he tells you." (Gov's Ex. 24.) The letter also advises Jeff that "[y]ou have your own right to privacy in your mail that you receive," and it encourages him to "stand up to" the Government. (*Id.*) A rational juror would likely interpret these statements as an attempt by the defendant to advise his son of his legal rights. These statements do not threaten or intimidate, nor are they an attempt to "corruptly persuade" Jeff, as those terms are defined by the jury instructions, to delay or alter his testimony. Moreover, nothing in the letter offered by the Government to prove the allegations contained in count twenty-five could be construed as an attempt to intimidate, threaten, or corruptly persuade Jeff to delay or alter his testimony. The six-page letter discusses

personal matters unrelated to Defendant Krocka's upcoming trial. The only mention of the trial is one statement encouraging Jeff to "stop Mom from coming to court and testifying against me." (Gov's Ex. 25 at 5.) This could not be interpreted as an attempt by Defendant Krocka to influence, delay, or prevent *Jeff's* testimony.

The Government argues, on appeal, that the letters could be construed as having three intended recipients, Jeff, Mrs. Grace Krocka, and the defendant's son Dan. And, it argues that the letters could be interpreted as an attempt to encourage the sons to prevent or influence Grace Krocka's testimony. We agree; statements such as "stop Mom from coming to court and testifying against me" could be construed as an attempt to cause the sons to prevent Grace from testifying. But, the counts at issue do not allege that the letters were delivered to anyone other than their intended recipient, and the counts do not allege that the defendant intended the letters to affect Grace Krocka's testimony. Rather, they charge that the defendant attempted to influence, prevent, or delay Jeff's testimony. And, the jury was instructed that the defendant could be found guilty only if it was proved that the defendant used intimidation, threats, or corrupt persuasion with the intent to influence, delay, or prevent the testimony of the witness described in the indictment.

After viewing the evidence in the light most favorable to the Government, we conclude that no rational trier of fact would have found all the essential elements of

counts twenty-four and twenty-five beyond a reasonable doubt. *See United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006). Therefore, we hold that the court erred in denying Defendant Krocka's motion for judgment of acquittal. We reverse his convictions as to counts twenty-four and twenty-five of the indictment, affirm his convictions as to the remaining counts, and vacate his sentence. We remand the case to the district court for resentencing, but leave to the discretion of the district court whether to hold a new sentencing hearing.

AFFIRMED IN PART; REVERSED IN PART; SENTENCE VACATED; AND REMANDED FOR RESENTENCING.