[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14435
Non-Argument Calendar
_____

D.C. Docket No. 8:06-cr-00127-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT JAMES KROCKA,
a.k.a. Da Monster,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 13, 2013)

Before BARKETT, MARCUS, and PRYOR, Circuit Judges.

PER CURIAM:

Vincent Krocka appeals his total 121 months' imprisonment sentence following resentencing after being found guilty of four counts of mailing threatening letters, in violation of 18 U.S.C. § 876(c); four counts of mailing threatening letters with the intent to extort a thing of value, in violation of 18 U.S.C. § 876(b); and four counts of witness tampering, in violation of 18 U.S.C. § 1512(b)(1).

Between 2005 and 2006, while in jail awaiting trial on state charges, Krocka sent threatening letters to his now ex-wife Grace Wilkerson. In 2009, a jury found Krocka guilty of the offenses listed above, plus an additional two counts of witness tampering ("Counts 24 and 25").

The presentence investigation report ("PSI") grouped the witness tampering counts with the other counts of conviction, but determined that the mailing threatening letters counts should not be grouped together for calculating Krocka's advisory guideline range. The PSI calculated Krocka's offense level using United States Sentencing Guidelines § 2B3.2, governing extortion by threat offenses, because it resulted in the highest adjusted offense level. With a total offense level of 28, and a criminal history category of III, Krocka's advisory guideline range was 97-121 months' imprisonment.

At the sentencing hearing, the district court overruled Krocka's objections to the PSI. After considering the sentencing factors under 18 U.S.C. § 3553(a), the

2

district court sentenced Krocka to a total of 121 months' imprisonment, which included four concurrent 60-month sentences on the § 876(c) convictions, four concurrent 121-month sentences on the § 876(b) convictions, and six 120-month concurrent sentences on the witness tampering convictions.

Krocka appealed his convictions and sentences to this Court, and we affirmed in part and reversed in part. After rejecting as meritless Krocka's argument that his convictions should have been grouped together for sentencing purposes, we concluded the evidence was insufficient for Counts 24 and 25. We reversed Krocka's convictions on Counts 24 and 25, affirmed as to all other counts, and vacated and remanded for resentencing.

On remand, the district court held a new hearing at which Krocka was present and resentenced Krocka to a total of 121 months' imprisonment, which except for the 120-month concurrent imprisonment sentences on Counts 24 and 25, was identical to the sentences imposed by the district court the first time.

Immediately after the district court announced Krocka's sentences, the government informed the district court that Krocka had recently sent a letter to his ex-wife trying to get her to give testimony that would get him a new trial, and Krocka further encouraged his ex-wife not to testify at his new trial. The government requested that Krocka not be permitted to have any direct contact with the witnesses from his trial. The district court orally imposed a condition on

3

Krocka's imprisonment and supervised release that he was to have no contact with witnesses from his trial, including his two sons. The written judgment did not refer to the condition on imprisonment. Krocka filed a motion for clarification arguing that he had an ongoing emotional and financial relationship with his sons, and requested that he be permitted to have contact with his sons, who were also witnesses in his trial. The district court held a hearing, at which Krocka's two sons testified that they would like to continue having contact with their father. The district court denied Krocka's motion for clarification because a notice of appeal had been filed, but noted that it would have granted it had Krocka not filed his notice of appeal two days earlier.

On appeal, Krocka argues that the district court erred by: (1) not giving him a *de novo* resentencing hearing following remand by this Court; (2) incorrectly calculating Krock's guidelines range by not grouping Krocka's convictions together and by using § 2B3.2, a guideline range relating to economic crimes; and (3) imposing an impermissible condition of imprisonment and supervised release, which prohibited him from having contact with his sons.

## I.    *De Novo* Hearing

Krocka argues that the district court abused its discretion by not providing him with a *de novo* sentencing hearing.

4

We review *de novo* whether the district court complied with this Court's general mandate. *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir. 2007). On the other hand, we have stated that a district court abuses its discretion when it rules on issues outside the scope of a limited mandate from this Court. *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996).

We have held that when a defendant's original sentencing package is entirely vacated, the defendant has the right to be present at the resentencing hearing. *See United States v. Jackson*, 923 F.2d 1494, 1496-97 (11th Cir. 1991). We have adopted a "holistic approach" to resentencing and have "often held that a general vacatur of a sentence by default *allows* for resentencing *de novo*." *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) (emphasis added). We have also stated that a district court was not required to consider a new argument on remand, when this Court's limited mandate did not require a *de novo* resentencing. *United States v. Mesa*, 247 F.3d 1165, 1167, 1171 n.6 (11th Cir. 2001) (explaining that a district court did not err in failing to consider the defendant's new arguments at resentencing because this Court remanded the case for the district court to make more detailed factual findings, and did not require that the district court conduct a *de novo* resentencing hearing).

Even reviewing Krocka's argument *de novo*, he has not shown that the district court erred. Although the law requires the district court to hold a

5

sentencing hearing when a sentence is vacated in its entirety, here the district court did so. *See Jackson*, 923 F.2d at 1496-97. The district court held a resentencing hearing on August 9, 2012, at which Krocka was present. Although Krocka argues that the hearing should have been *de novo*, he has not pointed to any published authority in this Circuit holding that a district court must conduct the new hearing *de novo*; he instead only cites to authority that permits the district court to do so. Krocka's original sentences were based on similar convictions and the district court ordered that the sentences for all of the convictions be served concurrently to each other. After vacating two of Krocka's six witness tampering convictions, for all six of which Krocka had received 120-month concurrent sentences, this Court issued a general remand for Krocka to be resentenced. *See United States v. Krocka*, No. 09-11245, manuscript op. at 7 (11th Cir. April 10, 2010). The district court did resentence Krocka, and except for the 120-month concurrent imprisonment sentences on Counts 24 and 25, the district court imposed identical sentences to the sentences it had imposed the first time. Given that the district court held a new hearing and resentenced Krocka as required by this Court's opinion, and because Krocka has not established that the district court was required to conduct the hearing *de novo*, the district court did not err by failing to do so.

II.    Improper Guidelines Calculations

Krocka argues that the district court erred by not grouping together all of his convictions. He also argues that the district court erred by sentencing him using § 2B3.2, governing economic offenses, when the jury never made a finding that Krocka received any economic gain.

"With respect to Sentencing Guidelines issues, this Court reviews purely legal questions de novo, a district court's factual findings for clear error, and, in most cases, a district court's application of the guidelines to the facts with due deference." *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1282 (11th Cir. 2013) (quotation omitted). Under the law of the case doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." *Tamayo*, 80 F.3d at 1520. Moreover,

> [u]nder the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.

*United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). We have held that an issue is waived for purposes of a second appeal where the issue was never raised in the district court or on the defendant's first appeal. *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481-83 (11th Cir. 1989). The district court and this Court are bound by the findings of fact and conclusions of law made in a prior

appeal of the same case unless: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).

With respect to Krocka's argument that the district court improperly grouped his convictions, we expressly rejected this argument in Krocka's first appeal, concluding that it was "without merit." *See United States v. Krocka*, No. 09-11245, manuscript op. at 2 n.2 (11th Cir. April 28, 2010). As Krocka has not provided any basis for an exception to the law of the case doctrine, this conclusion is binding and Krocka is barred from re-litigating the issue in the present appeal. *See Stinson*, 97 F.3d at 469; *see also Tamayo*, 80 F.3d at 1520.

Krocka's argument that he was improperly sentenced pursuant to U.S.S.G. § 2B3.2 is also barred by the law of the case doctrine because Krocka was sentenced pursuant to U.S.S.G. § 2B3.2 during his first sentencing hearing and had the opportunity to raise this issue in his first appeal. As such, Krocka waived this argument for purposes of the present appeal. *See Fiallo-Jacome*, 874 F.2d at 1481-83.

### III.    Condition on Imprisonment and Supervised Release

Krocka argues that the district court's imposition of the special condition prohibiting him from having contact with witnesses from his trial is unreasonable and, because it relates both to imprisonment and supervised release, it is overbroad.

We generally review the imposition of special conditions on supervised release for abuse of discretion; however, objections not raised in the district court are reviewed for plain error. *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009). We have described that plain error review applies when parties do not raise objections clearly in the district court so as to put the district court on sufficient notice of the legal basis for the objection. *See United States v. Massey*, 443 F.3d 814, 818-19 (11th Cir. 2006). We have held that when a discrepancy exists between an orally imposed sentence and a written order of judgment, the oral sentence controls. *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990). Pursuant to 18 U.S.C. § 4042(a), "the Bureau of Prisons . . . shall have charge of the management and regulation of all Federal penal and correctional institutions . . . [and] provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a).

Although the government argues that this issue should be reviewed for plain error, this argument is unavailing. The district court imposed the special condition of incarceration and supervised release after it had imposed Krocka's sentences,

9

and the district court did not ask Krocka if he had any objections to the newly imposed condition.    Moreover, as the government correctly noted, there was a discrepancy between the oral judgment and written judgment, and five days after the resentencing hearing, Krocka filed a motion for clarification with regard to the condition prohibiting him from having contact with witnesses and requested that he be permitted to have continued contact with his sons, who were witnesses at his trial.  In light of these circumstances, Krocka did raise his objection to the condition and made his grounds for the objection clear to the district court in his motion for clarification, and therefore, we will review the "no contact" condition for abuse of discretion.  *See Massey*, 443 F.3d at 818-19.

As noted above, there is a conflict between the district court's oral pronouncement of the "no contact" condition, which the district court clearly intended to apply during both Krocka's imprisonment term and supervised release, and the actual written judgment, which only makes the "no contact" condition a special condition of supervised release.  Because of this discrepancy, the district court's oral judgment controls.  *See Khoury*, 901 F.2d at 977.  As the government readily concedes, the district court's oral judgment imposing a condition on both Krocka's incarceration and supervised release was erroneous, as there is no statutory authority for the district court to impose such a condition on Krocka's term of imprisonment.  The district court abused its discretion in imposing such a

10

condition because the Bureau of Prisons, and not the district court, controls the management and regulation of federal penal institutions and its inmates. *See* 18 U.S.C. § 4042(a).  Therefore, we vacate the condition prohibiting Krocka from having contact with witnesses and remand to the district court so that it can amend its judgment pertaining to this condition.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**