[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10674
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cv-02295-VMC-AEP

VINCENT JAMES KROCKA,

Plaintiff - Appellant,

versus

HILLSBOROUGH COUNTY SHERIFF'S OFFICE,
U.S. DEPARTMENT OF JUSTICE,
OFFICE OF THE UNITED STATES ATTORNEY-TAMPA DIVISION,
SUSAN C. BUCKLEW,
in her capacity as Judge,
COLLEEN D. MURPHY-DAVIS, et al.,

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(February 6, 2019)

Before WILLIAM PRYOR, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Vincent James Krocka appeals the district court's *sua sponte* dismissal of his complaint as untimely.  Mr. Krocka contends that his complaint was timely filed within the four-year statute of limitations applicable to claims brought under 28 U.S.C. § 1983 in Florida, given that he learned of the events underlying his claim years after they occurred.  Because Mr. Krocka's claims are not currently cognizable, we affirm the district court's dismissal on other grounds.

## I

In July of 2016, Mr. Krocka, a federal inmate, filed a six-count complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against numerous federal and state defendants in connection with a 2004–2006 criminal investigation, his 2006 federal arrest, and his 2008 federal trial.  The district court, by virtue of its authority under 28 U.S.C. § 1915A, screened and dismissed the complaint as time-barred by the applicable four-year statute of limitations.  A closer look at the history of Mr. Krocka's case, however, suggests that the issues are not so straightforward.

## A

On April 5, 2004, Mr. Krocka was arrested on unrelated state-law charges.  In April of 2006, while in state custody awaiting trial, Mr. Krocka was indicted in

2

federal court on 17 counts of using the United States mail to deliver threatening letters with the intent to extort a thing of value from his then estranged wife, Grace Krocka, in violation of 18 U.S.C. § 876(b) and (c). The government eventually filed a superseding indictment containing 19 counts asserting violations of 18 U.S.C. § 876, as well as six counts of witness tampering, in violation of 18 U.S.C. § 1512(b)(1), related to letters he sent his wife and at least one of his sons while incarcerated.

On October 10, 2008, a federal jury convicted Mr. Krocka on five counts of using the mail to deliver a letter containing a threat, five counts of using the mail to send extortionate threats, and six counts of witness tampering. The district court later granted a motion for judgment of acquittal as to three of the counts. It sentenced Mr. Krocka to 121 months' imprisonment to be served consecutively to his state court sentence.

Mr. Krocka filed a direct appeal, challenging a number of the district court's rulings. *See United States v. Krocka*, 376 F. App'x 983, 984 n.1 (11th Cir. 2010). Though the panel rejected the majority of his arguments, it concluded that the district court erred in denying his motion for judgment of acquittal as to two counts of witness tampering involving his son, Jeffrey Krocka. *See id.* 985–86. Because the panel concluded that "no rational juror could interpret the letters as attempting to intimidate, threaten, or corruptly persuade Jeff Krocka in order to influence, delay,

or prevent his testimony," it reversed his convictions as to counts 24 and 25 of the indictment, vacated his sentence, and remanded for resentencing. It affirmed his convictions as to the remaining counts. *See id.* at 986.

Prior to his resentencing, Mr. Krocka filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In the motion, Mr. Krocka raised eight separate claims, including witness tampering. In a supporting memorandum, Mr. Krocka presented largely the same allegations regarding the prosecution's coaching of his wife as presented in this appeal. Specifically, he asserted that Mrs. Krocka's pre-lunchtime testimony indicated she did not believe Mr. Krocka to be a threat, but that, during the lunch recess, the government must have coached or "corrected" Mrs. Krocka's testimony as reflected by her change in demeanor while on the stand after the recess. Mr. Krocka attached the February 2012 affidavit of his son, Jeffrey Krocka, to the memorandum. The affidavit outlined the facts upon which his witness tampering assertions were based. In September of 2012, Mr. Krocka voluntarily dismissed his motion to vacate.

Following resentencing and another direct appeal, *see United States v. Krocka*, 522 F. App'x 472, 474 (11th Cir. 2013), Mr. Krocka filed a second motion to vacate under § 2255 in June of 2014. Again, he raised witness tampering (the alleged coaching of his wife) as a basis for setting aside his conviction and sentence. The district court denied the motion. It concluded that Mr. Krocka's witness

4

tampering claim was procedurally defaulted, and refused to issue a certificate of appealability. Mr. Krocka then filed a motion for reconsideration, which the district court denied, and he appealed. We declined to issue a certificate of appealability, agreeing with the district court that Mr. Krocka could have challenged the government's alleged witness tampering on direct appeal. We rejected Mr. Krocka's argument that he did not learn of the witness tampering until after his direct appeal, given that he had "shown no cause external to his defense that prevented him from discovering these facts from his sons before his direct appeal."

In the wake of that decision, Mr. Krocka filed in the district court a motion for judicial recusal, a motion to disqualify the Assistant United States Attorney, and a motion for miscellaneous relief or relief from judgment. The district court denied each of these motions, and denied a certificate of appealability. We denied a certificate of appealability in March of 2018.

In July of 2016, while his § 2255 proceedings were pending, Mr. Krocka filed his complaint under § 1983.[1]

**B**

Following the district court's *sua sponte* dismissal of his § 1983 complaint, Mr. Krocka filed a motion for reconsideration. In it, Mr. Krocka requested that the district court reinstate his complaint with respect to only counts five and six.

---

[1] Though the complaint was not docketed until August of 2016, it is dated July 25, 2016.

5

Accordingly, we limit our recitation of the allegations in the complaint to those relevant to these claims alone.

According to the complaint, Assistant United States Attorney Colleen Murphy-Davis, at the request of certain county defendants, agreed to review evidence of Mr. Krocka's alleged witness tampering and extortionate mailings, and seek a federal indictment while he was in state custody. He alleges that AUSA Murphy-Davis knew or should have known that the evidence was collected illegally, and that she failed to advise his wife of her spousal privilege before she testified. He also alleges that, during his 2008 trial on the federal charges, AUSA Murphy-Davis and other county defendants secretly met with, and coached, Ms. Krocka while on break from her cross-examination, telling her to "say how [she] felt."

According to Mr. Krocka, his wife clearly changed her testimony in response to this coaching, and then supplied answers to support the prosecution's case. Mr. Krocka alleges that, as a result of this conspiracy to tamper with a witness, he was denied due process and a fair trial, and "was unlawfully convicted by corrupt means." He also asserts he suffered reputational damage, loss of liberty, and other economic damages.

In support of these allegations, Mr. Krocka attached two affidavits from his sons, Jeffrey and Daniel Krocka. Jeffrey Krocka's affidavit, dated February 17, 2012, sets forth the following relevant facts:

6

1.  Around noon on the second day of trial, the district court ordered a recess for lunch.

2.  Someone accompanying AUSA Murphy-Davis asked Mrs. Krocka, to step into one of the anterooms.

3.  When Jeffrey attempted to follow his mother into the room, one of the individuals accompanying the AUSA immediately told him to leave.

4.  Jeffrey and his brother waited more than ten minutes, but less than twenty, for their mother to exit.

5.  During lunch, Jeffrey noticed his mother "seemed upset, and obviously something was troubling her." Her "demeanor was much different than when she had first exited the Courtroom, as compared to when she exited the anteroom[.]"

6.  It was Jeffrey's belief that "something was said" to his mother "by the prosecution about her testimony that greatly upset" her.

In an undated affidavit, Daniel Krocka stated the following:

1.  While he was waiting for his mother to take him and his brother to lunch on the second day of trial, AUSA Murphy-Davis, one of the county defendants, and other unidentified individuals approached Mrs. Krocka and asked her to step into a nearby room.

2.  They were in the room for approximately ten minutes.

3.  During lunch, Ms. Krocka "was visibly upset and disturbed."

4.  Years later, Daniel Krocka asked his mother what was discussed in the room that day and she replied: "They told me to testify and to say how I felt."

Mr. Krocka also alleged that District Judge Susan Bucklew committed acts of "official misconduct." More specifically, Mr. Krocka asserted that Judge Bucklew denied him a fair trial, that she was biased in favor of the government as evidenced

7

by certain rulings, and that she covered up the government's misconduct. Mr. Krocka asserted that Judge Bucklew's misconduct violated his First, Fourth, Fifth, and Sixth Amendment rights, and caused him to be unlawfully convicted and imprisoned.

Mr. Krocka's prayer for relief included a request for compensatory damages arising out of his loss of liberty, legal costs, and unlawful imprisonment; punitive damages; and declaratory or injunctive relief requiring the Hillsborough County Sheriff's Office personnel to classify and treat Mr. Krocka as a non-dangerous individual. He also claims he is entitled to a reversal of his conviction and immediate release.

In his motion for reconsideration, filed after the district court dismissed his complaint, Mr. Krocka argued counts five and six were not time-barred, given that he had only begun to learn of the facts underlying his claims in early 2011, when one of his sons made an offhand comment about an official slamming a conference room door in his face. According to the motion, "[t]he entire sum and substance of what was done and said to Grace [Krocka] regarding the clandestine conference room meeting[] was not known fully until [Mr. Krocka's] lawyer . . . interviewed Jeffrey Krocka in 2012, and took Daniel Krocka's initial affidavit in August 2014[.]" Mr. Krocka also argued that he did not learn what his former wife was told in the conference room until he read Daniel Krocka's first affidavit. He explained "the

8

unlawful conduct complained of became an undisputed fact on August 24, 2012[,]" and therefore the July 25, 2016 complaint was timely filed with respect to the witness tampering count.  Further, he appeared to argue that, insofar as his claim against Judge Bucklew involved her failure to investigate or act upon the witness tampering allegations, it was also timely filed given the date he learned of the facts underlying the claim.  The district court, again citing to authority discussing the applicable four-year statute of limitations but providing no further analysis, denied the motion.

Mr. Krocka, in October of 2016, filed a "response" to the order denying his motion for reconsideration, reiterating his arguments related to the date he discovered the underlying facts.  While awaiting an order on his "response," Mr. Krocka filed the present appeal.  Eventually, in June of 2017, the district court, treating his response as a motion to vacate judgment, also denied that motion, citing prosecutorial and judicial immunity.[2]

## II

We review a district court's *sua sponte* dismissal of a complaint as frivolous under 28 U.S.C. § 1915A for an abuse of discretion.  *See Miller v. Donald*, 541 F.3d

---

[2] Mr. Krocka previously filed a "Motion to Accept First Brief in Excess of Thirty (30) Pages and in Excess of 13,000 Words," to which he attached a proposed 72-page brief addressing the statute of limitations issue, as well as the immunity issues.  We denied the motion, explaining that Mr. Krocka needed to address only the statute of limitations question.  Given that Mr. Krocka was not given an opportunity to brief the issues of prosecutorial and judicial immunity, and because we conclude his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), we do not address these topics.

1091, 1100 (11th Cir. 2008).  A claim is "frivolous" if it "lacks an arguable basis either in law or in fact."  *Id.* (citation and quotation marks omitted).

The district court, citing *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 641 n.2 (11th Cir. 1990), concluded that Mr. Krocka's time-barred complaint was due to be dismissed under § 1915A(b)(1) as frivolous.  Accordingly, we review the district court's order under the abuse of discretion standard.  *See Miller*, 541 F.3d at 1100.

Under § 1915A, the district court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A(a).  If the district court concludes the complaint, or any portion of it, "is frivolous, malicious, . . . fails to state a claim," or "seeks monetary relief from a defendant who is immune," it must dismiss the complaint in whole, or in part, as required.  § 1915A(b)(1)–(2).

A complaint may be dismissed on the basis of an affirmative defense only when the defense appears on the face of the complaint.  *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  "Otherwise . . . affirmative defenses must be raised in a responsive pleading."  *Id.*  The expiration of a statute of limitations constitutes such an affirmative defense.  *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004) ("A statute of limitations bar is an affirmative

10

defense, and plaintiffs are not required to negate an affirmative defense in their complaint. . . . Not surprisingly, our cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." (internal citations and quotation marks omitted)).

## III

### A

"Federal courts apply their forum state's statute of limitations for personal injury actions to actions" brought under 42 U.S.C. § 1983. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (citation and quotation marks omitted). Federal courts applying Florida law to § 1983 suits use a four-year statute of limitations. *See Henyard v. Sec'y, Dep't of Corr.*, 543 F.3d 644, 647 (11th Cir. 2008). Federal law, however, determines when the statute of limitations begins to run and, under federal law, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett*, 327 F.3d at 1182 (citation and quotation marks omitted).

Attached to Mr. Krocka's complaint were both Jeffrey's 2012 affidavit and Daniel's undated affidavit. The complaint alleged that "[t]he adult sons did not speak to the Plaintiff's attorney at [the time of the incident] due to their unfamiliarity

11

with proper trial procedures[,]" and that the "content of a conversation Daniel . . . had with his mother at a later date about what occurred in the conference room . . . were memorialized in his affidavit supplied . . . in 2013." Complaint ¶¶ 110–11.

We need not decide whether Mr. Krocka had sufficient information to bring his claim in 2011, when he first spoke with his sons regarding the incident, in 2012 when Jeffrey signed his affidavit, or in 2013 or 2014 when Daniel executed his first affidavit describing the conversation with his mother. We find persuasive the defendants' arguments regarding the non-cognizability of Mr. Krocka's § 1983 and *Bivens* claims, both of which are predicated on the purported illegality of his conviction and sentence. Because we may affirm the district court's dismissal order on any ground supported by the record, irrespective of whether the district court relied upon, or even considered, it, we affirm the dismissal of Mr. Krocka's complaint. *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

**B**

The Supreme Court, in *Heck v. Humphrey*, 512 U.S. 477 (1994), held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

12

*Id.* at 486–87 (footnote and citation omitted).  The Court explained that, "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  *Id.* at 487.  We later held that *Heck* applied to bar *Bivens* actions brought for damages against federal actors as well.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

Despite having had two counts of conviction reversed on appeal, Mr. Krocka remains in prison for a number of witness tampering convictions involving his former wife—whose testimony he claims was coached.  Because, in this instance, a judgment in Mr. Krocka's favor "would necessarily imply the invalidity of his conviction or sentence," *Heck*, 512 U.S. 487, and Mr. Krocka's conviction and sentence have not yet been overturned, he cannot seek or obtain relief at this time.

## C

Despite affirming the dismissal of Mr. Krocka's complaint, we briefly note why it is necessary to correct the grounds upon which his complaint is dismissed.  A dismissal on statute of limitations grounds, which "has the effect of precluding a plaintiff from refiling his claim," is "tantamount to a dismissal with prejudice[.]"  *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (citation and internal quotation marks omitted).  But Mr. Krocka's claims, predicated as they are on the invalidity of his conviction and confinement, do not accrue until (and if) his conviction and sentence are overturned.  Accordingly, the

statute of limitations has not yet begun to run on his claims. *See Abella*, 63 F.3d at 1066. Though we affirm the dismissal of Mr. Krocka's complaint, that dismissal is without prejudice. Mr. Krocka is free to file another complaint alleging the same grounds in the event his conviction or sentence are overturned or expunged at a later date. *See id.* at 1065–66. We remand so that the district court can amend its order of dismissal to reflect that it is without prejudice.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**